No. 9243.   JUNE 15, 1933.

SHEFFIELD *et al.* *v.* SHEFFIELD.

No. 9350.   JUNE 15, 1933.

*W. I. Geer,* for plaintiffs in error. *P. Z. Geer,* contra.

BELL, J.   G. H. Sheffield filed a petition against B. A. Sheffield and Lila Sheffield, praying for the appointment of a receiver to take charge of certain land and to collect the rents and profits thereof pending the outcome of a suit previously brought by Lila Sheffield against the plaintiff and B. A. Sheffield for the recovery of the same land.  The court overruled a general demurrer to the petition, and, after hearing evidence, appointed a receiver.  To these judgments B. A. Sheffield and Lila Sheffield excepted.

The petition contained the following allegations:  B. A. Sheffield and Lila Sheffield are husband and wife, and live together upon the tract of land in question.  This land was formerly the property of Lila Sheffield, but in 1928 she conveyed the same with other lands to E. M. Sheffield in compromise of certain litigation which was at that time pending between them.  E. M. Sheffield conveyed the land to the present plaintiff, G. H. Sheffield, who in turn sold and conveyed the same to B. A. Sheffield.  Only a portion of the purchase-money was paid at the time of this conveyance, and B. A. Sheffield executed and delivered to G. H. Sheffield a security deed for the balance of the purchase-money, the same to be paid in certain installments for which notes were given.  Lila Sheffield, though living upon the property with her husband, thereafter filed a suit against her husband and the plaintiff, to recover the land, alleging that the land had been conveyed by her to E. M. Sheffield to pay a debt of her husband, and that G. H. Sheffield had knowledge of this fact at the time he took the deed from E. M. Sheffield.  B. A. Sheffield has defaulted in the payment of the purchase-money owing by him to the plaintiff, and the entire amount of the purchase-money has now become due in accordance with the terms of his security deed.  B. A. Sheffield, realizing that he would not be able to meet his notes for the purchase-money, induced his wife, Lila Sheffield, to institute the action against him and the plaintiff for recovery of the land, which suit was not brought in good faith but was filed for the purpose of prolonging litigation and allowing B. A. Sheffield to remain in possession of the land, enjoying the rents therefrom, and at the same time to force the present plaintiff to pay whatever amount Lila Sheffield might recover for mesne profits in case she prevailed "in said ejectment suit."  B. A. Sheffield is insolvent, and by reason of the depression the land has

depreciated to such an extent that it is not now worth the balance of the purchase-money. The plaintiff has an equitable claim to the rents of the property embraced in his security deed, and the instant petition is filed as ancillary to his answer to the ejectment suit of Lila Sheffield, for the purpose of obtaining a receiver to take charge of and "rent the property involved in said case, collect the rent therefor accruing in the future, and hold the same subject to the order" of the court. Lila Sheffield "has no right, title, or interest in and to the land involved in said case." The security deed executed by B. A. Sheffield for the balance of the purchase-money contained a power of sale. This has not been exercised.

By the demurrer of the defendants it was contended that the plaintiff had a complete and adequate remedy at law by bringing an ejectment suit against B. A. Sheffield for the recovery of the land in question, or by exercising the power of sale contained in the security deed; and that under all the facts alleged the petition did not make a proper case for the appointment of a receiver. The evidence supported the allegations of the petition, so that the main question for determination is whether the court erred in not sustaining the demurrer and dismissing the petition. Under the rulings stated in the headnotes, the court did not err in overruling the demurrer, or in appointing a receiver.

*Judgment affirmed. All the Justices concur.*