SOUTH GEORGIA FUNERAL HOMES INCORPORATED
*v.* HARRISON, insurance commissioner.

No. 11214.   MARCH 11, 1936.   REHEARING DENIED MARCH 26, 1936.

*Hay & Gainey, Ira Carlisle, Park & Strozier,* and *Orville A. Park Jr.,* for plaintiffs in error.

*M. J. Yeomans, attorney-general, Dave M. Parker, Arthur Bell, Jeff A. Pope, Frank S. Twitty,* and *Hendrix & Buchanan,* contra.

HUTCHESON, Justice.   W. B. Harrison, the insurance commissioner of Georgia, brought an equitable petition against the South Georgia Funeral Homes Inc., a corporation created by the superior court of Decatur County and having its principal office in that county, and J. W. Park, J. I. Smith, and H. J. Belk, its officers, alleging that the defendants were engaged in selling to the public certain so-called option contracts in which the defendant company, in consideration of the sum of $12 per year, payable $3 down and the balance $1 per month, or payable all at one time, agrees to sell to "optionees" named therein, for the use of, or in connection with, the "optionees," their minor children or dependents, certain articles of merchandise and services at a special cash price, to wit:   "1. Caskets, vaults, burial clothing, and other merchandise carried in stock, at actual cost thereof (including invoice, freight, and sales tax, if any), plus 5% to cover depreciation.   2. Services as undertaker and/or funeral director at the actual cost thereof, when rendered within 25 road miles of said place of business, now estimated to be not more than $10 per case.   3. Ambulance and hearse services, within said 25-mile range, at the actual cost thereof, now

estimated to be not more than 7 cents per mile." The contract further provides that by mutual consent of the parties the contract may be renewed and extended from time to time at the rate of $1 per month; that defendant will at all times be prepared to supply the merchandise and services; that the "optionees" are not bound to exercise the option, but are free to purchase the merchandise and services elsewhere. The plaintiff alleged that the terms and conditions of the contracts are such as to impart to them the nature of contracts of life insurance and subject the issuers to the regulatory provisions of the insurance laws of Georgia; and that such contracts are being sold, and the defendants are carrying on the business without authority and in violation of the laws of Georgia, in that the defendant company has not complied with the Code of 1910, §§ 2388, 2392, 2396, 2414 (Code of 1933, §§ 56-201, 56-205, 56-209, 56-401); and that the defendants are violating the act of the General Assembly of 1935 (Ga. L. 1935, p. 392). He prayed for injunction to prevent the further issuing and selling of such contracts or making collections therefor; and for general relief.

The defendants answered, admitting that they had not complied with the insurance laws of the State, and that the option contracts were being sold. They contended that the company was authorized by its charter to engage in the undertaking and funeral-direction business; and that the contracts were mere options to purchase funeral merchandise and services which the company was authorized to sell, and were not contracts of life insurance. Belk denied that he had participated in the sale of the contracts. At interlocutory hearing after the appearance term the defendants presented demurrers, duly filed, attacking the petition as setting forth no cause of action, and attacking the constitutionality of the act of 1935 (supra) in so far as it applies to the present contracts. The court did not pass upon the demurrers, but considered them along with the evidence. Evidence was introduced in support of the allegations of the petition; and there was evidence to the effect that the funeral services and ambulance and hearse service provided for in the contract were supplied for less than cost. The court continued the restraining order, and the defendants excepted. They assigned error also on the court's refusal to hear and sustain the demurrers.

Only headnote 2 will be discussed. The option contract is an agreement on the part of the "optionor" to sell certain enumerated articles and services "for the use of, or in connection with, said optionees and their minor children and other dependents, any or all of them." While the exercise of the option is not expressly made contingent upon the death of any of them, the merchandise and services may be bought only for the use of, or in connection with, the "optionees," their minor children or dependents. As a general proposition we cannot conceive of what use a casket, burial clothes, funeral direction, etc., would be to a living person not engaged in the business of buying and selling such commodities. Burial merchandise and funeral services are peculiar commodities; they are presumably used only in connection with, or for the use of, a person who has departed life. For these reasons we are of the opinion that the exercise of the option is contingent upon the death of the "optionees," their minor children or dependents.

The option contract provides that the "optionee" upon the exercise of the option shall have the right to buy from the "optionor" certain merchandise and services at cost plus certain additional charges. This reduction in price is a benefit or something of value to the "optionee." Under the rulings in *Benevolent Burial Association* v. *Harrison,* 181 *Ga.* 230 (3) (181 S. E. 829), section 56-901 of the Code of 1933, which provides that "A life-insurance policy is a contract by which the insurer, for a stipulated sum, engages to pay a certain amount of money if another shall die within the time limited by the policy. The life may be that of the insured or of another in the continuance of whose life the insured has an interest," is not exhaustive as to the medium of payment. "Nor is it essential that loss, damage, or expense indemnified against necessarily be paid to the contractee. It may constitute insurance if it be for his benefit, and a contract on which he, in case of a breech thereof, may assert a cause of action. Allin v. Motorists' Alliance, 234 Ky. 714 (29 S. W. (2d) 19, 71 A. L. R. 688)." State v. DeWitt C. Jones Co., 108 Fla. 613 (147 So. 230), quoted approvingly in *Benevolent Burial Asso.* v. *Harrison,* supra. From these rulings it follows that the option contract is an insurance contract upon the life of the "optionee," his minor children and dependents. See, in this connection, *Clark* v. *Harrison,* 182 *Ga.* 56 (4) (184 S. E. 620). It is contended by the plaintiff

in error that since the "optionee" is not bound to exercise the option, it could not be a contract of insurance. No contract of insurance binds the beneficiary to accept payment thereunder. The beneficiary is in no instance legally bound to accept the benefits under an insurance contract. He may refuse them if he so wishes.

*Judgment affirmed. All the Justices concur.*