McDERMID *et al* v. McDERMID *et al.*

No. 10975. April 15, 1936.

*J. P. Knight* and *Corbitt & Sumner,* for plaintiffs.
*H. W. Nelson,* for defendants.

GILBERT, Justice. J. T. McDermid and others, by next friend, alleging title to described lands, brought suit (1) to enjoin a proceeding in the court of ordinary to set aside a year's support; (2) to enjoin Mrs. Carrie McDermid, widow, from further occupying part of the lands known as the home place; (3) to recover rents and profits from the occupant; and for general relief. Mrs. McDermid by cross-petition sought (1) to have the return of the appraisers setting aside a year's support made the judgment of the court; (2) to have a receiver appointed to hold and preserve all of the property, subject to direction by the court, and that the receiver confirm the existing rent contracts; (3) to have canceled, on account of the mental incapacity of the grantor to make the same, a purported deed under which the petitioners claimed the property. Other prayers need not be stated. The petitioners demurred generally and specially to the answer and cross-petition. The court did not rule on the demurrers, and error is assigned on such failure. After hearing the evidence the court rendered a judgment appointing a receiver, upon his giving an approved bond, to take charge of the lands, including the crops growing and to be grown on the farm lands, to sell the same in the usual and

ordinary manner, to settle with all laborers engaged in cultivating and gathering such crops, and to hold the proceeds until further order of the court. Other detailed duties of the receiver need not be stated. Error is assigned on that portion of the decree directing the receiver to take charge of the crops, as above stated.

■ Mere failure to rule on the demurrers in this case can not be held error for any reason assigned. The Code of 1933, § 81-1002, providing that "In all cases demurrer, pleas, and answer shall be disposed of in the order named, and all demurrers and pleas shall be determined at the first term unless continued by the court or by consent of parties. In equity causes, however, where extraordinary relief is sought, the trial court may hear, pass upon and determine all demurrers in such causes at any interlocutory hearing before the appearance or first term," does not make it mandatory on the judge to pass upon demurrers until a case is before the court for determination on its merits. *Seaboard Air-Line Ry. Co.* v. *Jolly,* 160 *Ga.* 315, 318 (127 S. E. 765); *South Georgia Funeral Homes Inc.* v. *Harrison,* 182 *Ga.* 60 (184 S. E. 875). Considering the entire record, it appears that the court passed an order protecting crops grown and to be grown for the year 1935, and reserved judgment on all other issues in the case.

■ The court did not err in appointing a receiver to take charge of the crops, as shown in the preceding paragraph. The appointment was for preserving, cultivating, and gathering the crops, pending final determination of the litigation involving all of the property. The court was authorized to do so, without reference to the solvency or insolvency of the petitioners. Code of 1933, § 55-301; *Sheffield* v. *Sheffield,* 177 *Ga.* 202 (170 S. E. 83). The discretion exercised in this case will not be controlled.

■ The act of 1935 (Ga. L. 1935, p. 326), increasing the powers and duties of temporary administrators, by its terms merely affects temporary administrators as expressed therein, and does not by implication restrict the powers of a court of equity to appoint a receiver in a proper case.

*Judgment affirmed. All the Justices concur.*