## COMMISSIONER OF INTERNAL REVENUE v. W. H. LUQUIRE BURIAL ASS'N CO., Inc., et al.

### No. 8897.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1939.

F. E. Youngman and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue and DeWitt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

William S. Pritchard, of Birmingham, Ala., for respondents.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

W. H. Luquire Burial Association Company, Incorporated, was organized and incorporated under the laws of the State of Alabama on July 2, 1927. Its articles of incorporation were amended on January 2, 1932 at which time it changed its name to Luquire Funeral Homes & Insurance Company, Inc.

The corporation was organized for the stated purpose of engaging in the embalming, undertaking, and funeral directing business; to issue certificates or policies of insurance to its members, providing funeral and burial benefits as might be prescribed by the rules and regulations of said corporation, "and generally to engage in such acts as are usually done and performed in the business of mutual aid, benefit, and industrial companies or associations, under the laws of the State of Alabama". The company was chartered and incorporated under Sections 7047–7056, Code of of Alabama, 1923.

Since organization the company has been engaged in selling burial insurance policies, and where death ensued to carry out its contracts by furnishing caskets and funeral services. The company wrote about $250,000 burial insurance in 1931 and about $500,000 in 1932. Since it was organized under the sections of the Alabama Code giving life to mutual aid, benefit and industrial companies or associations, it was placed under the direct supervision of the Alabama Insurance Commissioner. It was also required to file an annual statement with the Insurance Commission of the State. Reserves were required to be set aside the same as in the case of ordinary life insurance companies. These reserves were computed by the actuary of the insurance department of the state according to standard

industrial tables of mortality, with interest not to exceed four per cent. The undisputed testimony of the Insurance Commissioner of Alabama, as disclosed by the record, is that during the years 1931 and 1932, and for a long time prior thereto, his office regarded and designated burial insurance companies as "industrial life insurance" organizations and that they operated under what was known as "mutual aid laws" of the state.

The Commissioner of Internal Revenue determined and assessed deficiency income taxes for the years 1931 and 1932 against the Luquire Company. This company complained to the Board of Tax Appeals. Thereupon that Board, after a hearing, rendered a decision in favor of the taxpayer, and declined to find and assess a deficiency judgment against it. From the decision of the Board the Government brings this appeal.

The question upon which this opinion must turn is whether the Board was correct in its determination that the taxpayer was a life insurance company issuing life insurance and that it met the test of the statute defining life insurance companies. Sections 201, 203(a) (2), Revenue Acts of 1928 and 1932, 26 U.S.C.A. §§ 201, 203(a) (2), 203 note.

A contract of insurance has been defined as "an agreement, express or implied, by which one party, for a consideration, promises to pay money, or its equivalent, or to do some act of value to the assured, upon the destruction or injury of something in which the other party has an insurable interest". Section 8341, Code of Alabama, 1923; Cooley's Briefs on Insurance, 2d Ed., Vol. 1, p. 6; 14 R.C.L. Sec. 2, p. 839; Supreme Commandery of Knights of Golden Rule v. Ainsworth, 71 Ala. 436, 443, 46 Am.Rep. 332.

"The contract evidenced by the certificate has all the elements of a life insurance contract. It is an agreement to perform a service which can become obligatory only 'on the death of the certificate holder. * * Here there is an 'insurer,' an 'insured,' a 'premium,' and a 'beneficiary,' and we think the contract nothing else than a plain, ordinary insurance contract." State v. Globe Casket & Undertaking Co., 82 Wash. 124, 143 P. 878, 879, L.R.A.1915B, 976.

■ We can find no real distinction between the policy of insurance issued by the taxpayer here and the policies of ordinary industrial life insurance issued by a number of the major insurance companies. In an ordinary industrial life insurance policy, the insurer, in consideration of small weekly premiums, promises to pay a sum of money in the event of the death of the insured. Here the insurer, in consideration of small weekly payments, promises to pay in merchandise and services in the event of the death of the insured. The mere fact that the policy is payable not in money, but in something of value equal to money, does not, as a matter of law, exclude it from classification as an insurance contract.

■ The authorities are almost unanimous in their holding that associations or companies of the character of this taxpayer are engaged in the life insurance business. Contracts such as the one issued by the Luquire Company are contracts of insurance and subject to control under the insurance statutes. 1 Couch on Insurance, Sec. 32; Benevolent Burial Ass'n v. Harrison, 181 Ga. 230, 181 S.E. 829; State v. Mutual Mortuary Ass'n, 166 Tenn. 260, 61 S.W.2d 664; State v. DeWitt C. Jones Co., 108 Fla. 613, 147 So. 230; South Georgia Funeral Homes v. Harrison, 182 Ga. 60, 184 S.E. 875; Fikes v. State, 87 Miss. 251, 39 So. 783; Renschler v. State ex rel., 90 Ohio St. 363, 107 N.E. 758, L.R.A.1915D, 501, Ann.Cas.1916C, 1014; State of Indiana v. Willett, 171 Ind. 296, 86 N.E. 68, 23 L. R.A.,N.S., 197; Oklahoma Southwestern Burial Ass'n v. State, 135 Okl. 151, 274 P. 642, 63 A.L.R. 704; Annotation, 63 A.L.R. 723; Annotation, 100 A.L.R. 1453. See, also, State v. Brown Service Funeral Co., 236 Ala. 249, 182 So. 18.

■ Substantially the sole and only business engaged in by the Luquire Company in 1931 and 1932 was that of issuing burial insurance policies. It is true that in 1932 part of its gross income was from funeral and undertaking services. This was due, however, to legislation passed by the State of Alabama which required such companies to maintain facilities for the fulfillment of their policy contracts. The character of the business in which the taxpayer was actually engaged is determinative of its classification for tax purposes. Bowers v. Lawyers' Mortgage Co., 285 U.S. 182, 188, 52 S.Ct. 350, 76 L.Ed. 690; Weiss v. Stearn, 265 U.S. 242, 254, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520.

■ The Commissioner's contention that the company was not entitled to a deduction for its reserves is without merit. The

company was recognized by the Insurance Commission of Alabama as a life insurance company and its reserves were determined by an actuary of that commission. These reserves were required by law and the company was entitled to deductions in conformity with Sec. 203(a) (2), Revenue Acts of 1928 and 1932.

The petition is denied and the judgment of the Board is affirmed.