27340. HEAD, revenue commissioner, *v.* MAXWELL.

DECIDED JULY 14, 1939. REHEARING DENIED JULY 26, 1939.

*B. B. Zellars, J. A. Beazley, Claude Shaw,* for plaintiff in error. *Hull, Barrett, Willingham & Towill, Sutherland, Tuttle & Brennan, Edward R. Kane,* contra.

GUERRY, J. As stated by the trial judge, "The sole and only question for decision is whether, for the year 1935, a partner residing in Georgia is subject to income tax for that year upon partnership income earned outside of Georgia." The trial court decided that such income was not subject to income tax in Georgia, and the State Revenue Commissioner excepted.

The Code, declares: "A tax is hereby imposed upon every resident of the State, which tax shall be levied, collected, and paid annually, with respect to the *entire net income* of the taxpayer as hereinafter defined" (italics ours). § 92-3101. "Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity, and each partner shall include in

his individual return his distributive share, whether distributed or not, of the net income of the partnership for the taxable year." § 92-3104. "Resident individuals having an established business in another State, or investment in property in another State, may deduct from the tax due upon the entire net income of such resident individual the tax paid upon the net income of such business or investment in another State, if such business or investment is in a State that levies a tax upon net income, but in no case shall the credit permitted under this section exceed the tax which would be payable to this State upon a like amount of taxable income." § 92-3111. Georgia places an income tax on non-residents owning property or doing business within this State. § 92-3112. This section declares: "The tax imposed by this law shall apply to the entire net income received from all property owned or from business carried on in this State by natural persons *not residents* of the State." (Italics ours.) Construing together this and the preceding section, it will be seen that Georgia places an income tax on non-residents whose income is derived from property within this State or from business carried on in this State. It likewise levies this tax on "resident individuals" having established business or property in another State, upon the net income derived from such business or property, but provides that there may be deducted from the income earned in another State the income tax which such other State may itself levy upon such income from such property or business, provided the deduction allowed shall not exceed the amount of income tax to be paid to this State upon a like amount of taxable income. From a reading of section 92-3111 it seems clear that where a resident of Georgia has a business in another State, the net income from such business is to be treated as a part of his "entire net income;" and in the event such other State levies no income tax on such business, this State will levy its income tax thereon. If such other State does levy an income tax on the business conducted in that State, then and in that event the Georgia resident is allowed to deduct the amount paid to such State from the amount he is to pay in Georgia; provided, however, that such amount does not exceed the tax rate fixed in this State. Georgia, itself, under the provisions of section 92-3112 taxes non-residents on their income derived from property or business conducted within this State. If the defendant in this case does business in North

Carolina, and the State of North Carolina levies no income tax upon such business, this State will levy its income tax thereon. If the State of North Carolina levies an income tax thereon, the resident taxpayer will be allowed a credit on his income tax of the amount he paid such State, provided such amount so paid is not greater than the amount that is fixed under the Georgia rate.

It is true that the State legislature (Ga. L. Ex. Sess. 1937-38, pp. 150, 154, sec. 6 (a)) amended the income-tax law, and it was provided: "Effective January 1, 1937, where one or more of the individual members is a resident of Georgia but a member of a partnership doing business without the State of Georgia, such resident member, or members shall include in his individual return his distributable share (whether distributed or not) of the net income of the partnership for the taxable year." It is evident that the General Assembly, for the years 1937-38, wished to eliminate any doubt, if such there was, that the previous law did not cover the net income of a resident of Georgia who had an income from a business or property not located in Georgia, and for that reason wanted to be sure that the law covered such income. We think, however, that the language of the Code, § 92-3111, is broad enough to cover such income. As to the wording of the section, "Resident individuals having an established business in another State," we think the term, "established business" is broad enough to cover a business conducted or operated by the individual alone or a business operated by himself and partners, and that such resident individual must pay on his "entire net income," subject to the provision made for deductions for any income tax levied by the State where the business is located. It will be noted that the income tax is levied on the income of the individual as a unit, and not upon the partnership as such. Code, § 92-3104. The use of the words, "entire net income," as used in § 92-3101, is nowhere limited to a net income earned solely within the State of Georgia, and § 92-3111 provides that the income tax paid to the foreign State may be deducted from the "tax due upon the entire net income of such business or investment in another State." There is no limitation in the income-tax act, "as herein defined," which prevents the net income of a resident of Georgia, although it is from a business or property outside the State, from being a part of his "entire net income." The court erred in holding that the net income of Max-

well, although it was the proceeds of a foreign partnership, was not subject to Georgia income tax.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. G. C. Maxwell, a resident of Richmond County, Georgia, brought an action in the superior court against T. Grady Head as State revenue commissioner, to recover an alleged overpayment of $356.70 (as income tax for the year 1935), with interest thereon at six per cent. a year from September 19, 1936. The case was tried by the judge, without the intervention of a jury, on an agreed statement of facts. A judgment was awarded Maxwell for the full amount sued for; and the defendant excepted. The agreed statement of facts shows that the amount sued for was paid by Maxwell as Georgia income tax for the year 1935, on his pro rata share of partnership income from certain partnerships in which he was a partner; that each of these partnerships was organized outside of Georgia, and each had one or more partners who was (or were) non-residents of this State; and that the entire income of each of said partnerships was derived from its business carried on outside of Georgia. The only question here presented is whether, under the above-stated facts, the Georgia income-tax law applicable to the year 1935 should be construed as taxing Maxwell on his share of such foreign partnership income earned outside of this State? The question as to the constitutional power of this State to tax said income is not here involved; and counsel for the defendant in error concede in their brief that the State has such power, but they contend that it was not exercised before January 1, 1937. The revenue commissioner argues that the Code, § 92-3101, authorizes the taxing of such income. That section is based on the act of 1931 (passed at the extraordinary session of the legislature for that year), and reads as follows: "A tax is hereby imposed upon every resident of the State, which tax shall be levied, collected, and paid annually, with respect to the entire net income of the taxpayer *as hereinafter defined.*" (Italics mine.) It will be observed that said act merely provides in general terms for the taxation of the entire net income, "as hereinafter defined," of every resident of this State; and said taxation is thereinafter defined in the succeeding sections of the act, said sections being now embodied in the Code, §§ 92-3104, 92-3112,

92-3117. Section 92-3104 provides that "individuals carrying on business in partnership shall be liable for income tax only in their individual capacity, and each partner shall include in his individual return his distributive share, whether distributed or not, of the net income of the partnership for the taxable year." It is declared in section 92-3112 (a) that "the tax imposed by this law *shall apply* to the entire net income received from all property owned or from business carried on in this State by natural persons *not residents of the State.*" (Italics mine.) Section 92-3117 provides that "foreign partnerships, that is, partnerships where one or more of the individual members are non-residents of this State, shall not be subject to tax under this law, but the individual non-resident members of such partnership shall be taxable on their share of the net profits of such partnerships from property owned or business carried on in this State. The *net income* [italics mine] of a foreign partnership shall be computed in the same manner and on the same basis as that of a non-resident individual." The foregoing sections when construed together show that the taxable net income of a foreign partnership does not include income earned by it outside of this State; and since the individual members of such a partnership are taxed only on their pro rata portion of such net income, it follows that a partner living in Georgia is not taxed upon his share of the income earned by such partnership outside of this State.

However, conceding that the question is a doubtful one, it is well settled that revenue producing statutes must be construed most strongly against the taxing authority, and most strongly in favor of the taxpayer. Furthermore, it is apparent that the General Assembly of Georgia, by passing the act approved December 29, 1937 (Ga. L. Ex. Sess., 1937-1938, p. 150), recognized that the previous statutes did not tax resident members of foreign partnerships upon the partnership income earned outside of this State. That act is described in the caption as "amending section 92-3117 of said Code, so as to provide for taxation of resident members of non-resident partnerships." And the amendment added the following subparagraph (a) to Code section 92-3117: "Effective January 1, 1937, where one or more of the individual members is a resident of Georgia but a member of a partnership doing business without the State of Georgia, such resident member or members shall in-

clude in his individual return his distributive share (whether distributed or not) of the net income of the partnership for the taxable year." In my opinion, the judge properly rendered judgment in favor of the plaintiff for the full amount sued for.

## ON MOTION FOR REHEARING.

GUERRY, J. We have not overlooked Code section 92-3117. We expressly referred to and quoted the act which has been incorporated into the annotated Code as section 92-3117. Neither the language used in section 92-3117 of the Code of 1933 nor the language used in the same section in the annotated Code varied the law as it existed prior thereto, and as pointed out in the opinion.

*Rehearing denied. MacIntyre, J., concurs. Broyles, C. J., dissents.*