28678. MEXICAN PETROLEUM CORPORATION *v.* HEAD, revenue commissioner.

DECIDED MARCH 20, 1941.

*Shelton, Pharr & Long,* for plaintiff.

*B. B. Zellars* and *Claude Shaw, assistant attorneys-general,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The plaintiff is a private corporation incorporated and organized in 1929 under the laws of Georgia. The business carried on by the plaintiff until 1933 consisted in the production of asphalt at its refinery in this State, and the sale in this State of such product, and until the spring of 1933 the plaintiff engaged solely in such business in this State. During 1933 the plaintiff, through its branch office located in the State of New York, engaged in the business of selling gasoline. This part of the plaintiff's business was carried on entirely without the State of Georgia. It purchased such gasoline and resold it without this State, and such purchases and sales were handled exclusively by its office located in New York City. No instructions regarding such transactions were issued from Georgia. Such gasoline business was entirely disconnected from the asphalt business of the corporation. The books and records relative to the gasoline business were kept and maintained entirely outside of Georgia. The income derived by the plaintiff from the sale of gasoline was determined without reference to any accounting records maintained by it in Georgia. The plaintiff's total net income for 1933 from its business in Georgia, which was its total net income from all sources except from these gasoline transactions conducted without the State, amounted to $46,686.85. The net income derived from the gasoline business conducted without the State of Georgia was $139,254.20. On December 31, 1933, the plaintiff did not hold and own any tangible property without the State of Georgia, and did not hold and own, in connection with its gasoline business, any property within the State of Georgia. The plaintiff filed its income-tax return based on the amount of net income earned exclusive of its gasoline business conducted without the State. The plaintiff applied for permission to base its income rate for the year 1933 on its income for that year actually attributable to its business within the State of Georgia, instead of on the formula provided in section 15 of the income-tax act of 1931. This

permission the defendant declined to give, and gave notice to the plaintiff of a deficiency in its return and made an additional assessment against it. The defendant made the assessment by taking the proportion of tangible property held and owned by the plaintiff in Georgia on December 31, 1933, to the entire tangible property held and owned by the plaintiff on that date, and the proportion of the receipts from sources within Georgia during 1933 to the total receipts from all sources during that year, and averaging them, and by this method determined that approximately 80 per cent. of the net income of the plaintiff was subject to taxation in Georgia.

In determining the amount of income tax to be paid by the plaintiff, and in making the additional assessment referred to, the defendant used the formula set out in section 15 (3c) of the income-tax act of 1931, which is as follows: "Where income is derived from the manufacture or sale of tangible personal property, the portion thereof attributable to business within the State shall be taken to be such percentage of the total of such income as the tangible property and business within the State bear to the total tangible property and total business, the percentage of tangible property and of business being separately determined and the two percentages averaged. For the purpose of the foregoing computation, the value of the tangible property shall be taken to be the value of the tangible property . . held and owned by the corporation in connection with such business at the close of the taxable year for which the income is returned." Ga. L. 1931, Ex. Sess., pp. 24, 36 (Code, § 92-3113(3c)). The plaintiff did not own any tangible property outside the State of Georgia at the close of the taxable year 1933. The computation by the defendant of the plaintiff's income tax according to the formula above quoted necessarily causes the plaintiff to pay an income tax for the taxable year 1933 based partly on income attributable solely to business done outside the State of Georgia, which business was entirely disconnected and separate from the business done by the plaintiff within the State of Georgia.

Section 15 of the income-tax act of 1931 provides: "The tax imposed by this act shall apply to the entire net income, as herein defined, received by every domestic corporation, and every foreign corporation owning property or doing business in this State." Code, § 92-3113. The defendant claims that the proper construction of this language is that, as to domestic corporations, it was the

intention of the legislature to impose a tax on the entire net income whether attributable to profits earned from business conducted entirely within the State or without the State. It is true that the legislature may constitutionally tax the income of a domestic corporation whether it be derived from sources within or without the State. See *Lawrence v. State Tax Commission,* 286 U. S. 276 (52 Sup. Ct. 556, 76 L. ed. 1102) ; U. S. *Blue Co. v. Oak Creek,* (247 U. S. 321, 38 Sup. Ct. 409, 62 L. ed. 1135) ; National Paper &c. *Co. v. Bowers,* 266 U. S. 373 (45 Sup. Ct. 133, 69 L. ed. 373) ; *Montag v. State Revenue Commission,* 50 *Ga. App.* 660, 664 (179 S. E. 563) ; *Head v. Maxwell,* 60 *Ga. App.* 488 (4 S. E. 2d, 45). However, subsection b of section 15 provides "If the trade or business of the corporation is carried on entirely within the State, the tax shall be imposed on the entire business income, but if such trade or business is carried on partly within and partly without the State, the tax shall be imposed only on the portion of the business income reasonably attributable to the trade or business within the State." Code, § 92-3113(b). In *Interstate Bond Co. v. State Revenue Commission,* 50 *Ga. App.* 744, 751 (179 S. E. 559), after quoting section 4 of the income-tax act of 1931 which provides that every domestic corporation and every foreign corporation shall pay an income tax on the net income derived from property owned or from business done in Georgia, as defined in section 15 of the act, and after quoting section 15 of the act and its subsections in their entirety, including those quoted hereinbefore, this court held : "Construing all of the above provisions of the income-tax act of 1931 together, and construing them strictly against the taxing power and liberally in favor of the taxpayer, it is our opinion that it is not the purpose and intent of the act to tax the net income of a domestic corporation derived from property owned or business done outside the territorial limits of the State of Georgia, although this may be done without infringing the constitution, as regards a domestic corporation." The domestic corporation in that case did not transact a separate and disconnected part of its business entirely without this State, through an office maintained by it in another State, separate and apart from its office in this State.

Where the business done within the State is distinctly divisible from the business done in other jurisdictions by the same corporation, ordinarily the total income from all operations can not be

used as a basis of computation. See annotation in 75 L. ed. 900, to Hans Rees' Sons Inc. *v.* N. C., infra. There are some corporations which from their very nature produce an income which can not be properly allocated by separate accounting methods, but that is not the case with the manufacture and sales business, particularly so where the accounts of such operations are so kept as to be readily separable. The theories of allocation can have no place in the inquiry if the net income within the State stands on its own footing unmixed with outside business. So, properly construing the income-tax act of 1931, where a part of the income of a domestic corporation is derived solely and exclusively from business done by it without this State, which business is entirely separate and disconnected from the business carried on by such corporation within this State, and is carried on through an office maintained by the corporation without this State, and in producing such income no property of the corporation within this State is used, it is our opinion that the formula provided in section 15 (3c) supra of act of 1931 for the allocation of corporate net income for income taxation, is not applicable. It is not the purpose and intent of the act to tax the net income of a domestic corporation derived from property owned or business done outside the State. Under the circumstances here it was not within the discretion of the commissioner to apply the formula which was applied. See *Interstate Bond Co.* v. *State Revenue Commission,* supra; Fisher *v.* Standard Oil Co., 12 Fed. 2d, 744; Wallace *v.* Hines, 253 U. S. 66 (40 Sup. Ct. 435, 64 L. ed. 782); Standard Oil Co. *v.* Wisconsin Tax Commission, 197 Wis. 630 (233 N. W. 85); Standard Oil Co. *v.* Thorensen, 29 Fed. 2d, 708; Hans Rees' Sons Inc. *v.* North Carolina, 283 U. S. 123 (51 Sup. Ct. 385, 75 L. ed. 879). Sections of the revenue act (Code, §§ 92-3114, 92-3115) have no application here.

It follows that the defendant improperly denied the claim of the plaintiff for a refund of the additional taxes paid by it, and that the court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Sutton and Felton, JJ., concur.*