FORRESTER, commissioner, *v.* CULPEPPER.

No. 14297.   OCTOBER 14, 1942.

*Ellis G. Arnall, attorney-general, Andrew J. Tuten,* and *Claude Shaw,* for plaintiff.

*Estes Doremus* and *Smith, Smith & Bloodworth,* for defendant.
*Hirsch, Smith, Kilpatrick, Clay & Cody,* as amici curiæ.

REID, Chief Justice.  The Court of Appeals certified to this court a question as follows:  "Under the law applicable where an income-tax return is made by an individual taxpayer in the year 1941 of his income for taxation for the calendar year 1940, is such individual taxpayer, who was under the law a resident of this State in the year 1940 on June 10, 1940, and continuously through December 31, 1940, but was not a resident of this State before June 10, 1940, subject to pay a tax upon his income earned by him during the year 1940 prior to June 10 of that year, where such income was earned and collected from without the State of Georgia, where such person has not paid in any other State, or elsewhere outside of this State, a tax on income earned by him and collected outside of this State during 1940 but prior to June 10 of that year?"

The provisions of the Georgia income-tax law pertinent to a de-

termination of this question are as follows: Code, § 92-3101: "A tax is hereby imposed upon every resident of the State, which tax shall be levied, collected, and paid annually, with respect to the entire net income of the taxpayer as hereinafter defined, and upon every non-resident with respect to his entire net income not hereinafter exempted, received by such taxpayer from property owned or from business carried on in this State, computed at the following rates: . ." § 92-3002 (i): "The word 'resident' means natural persons, and includes for the purpose of determining liability to the taxes imposed by this law upon or with reference to the income of any taxable year: (1) Every legal resident of this State as now defined by the general law; (2) every person domiciled in this State on the last day of the taxable year; (3) and any other person who maintains a place of abode within the State and spends in the aggregate more than four months of the taxable year within the State whether domiciled in this State or not. But any person who, on or before the last day of the taxable year, changes his place of abode to a place without this State, with the bona fide intention of continuing actually to abide permanently without this State, shall be taxable the same as a non-resident is taxable under Part IX of this Title." § 92-3002 (j): "The word 'non-resident' means any natural person whose domicile and legal residence is without this State, and who does not spend in the aggregate as much as six months of the taxable year within this State." § 92-3112: "(a) The tax imposed by this law shall apply to the entire net income received from all property owned or from business carried on in this State by natural persons not residents of the State: Provided, that income from a mercantile or manufacturing business, rentals, royalties, or operation of any farm, mine, or quarry, or from the sale of real or personal property, for the purposes of taxation shall follow the situs of the property or business from which derived; and all other income, including that derived from personal services, professions, and vocations, and from land contracts, mortgages, stocks, bonds, and securities, shall follow the residence of the non-resident recipient. Non-residents engaged in business within and without the State shall be taxed only upon such income as is derived from business transacted and property located within the State, which may be determined by a separate accounting of such income, where such accounting would

reflect correctly the income fairly attributable to this State, and when made in the form and manner prescribed by the commission, but otherwise shall be determined in the manner specified in section 92-3113 with respect to the allocation of income of corporations engaged in business within and without the State." Another pertinent provision contained in section 92-3316 will be set out and discussed hereinafter. The foregoing subsection (i) of § 92-3002 was stricken and a new subsection similarly numbered was substituted therefor by an act of the General Assembly of Georgia, approved March 27, 1941 (Ga. L. 1941, pp. 221-223), as follows: "The word 'resident' means every natural person who is in the State of Georgia for other than a temporary or transitory purpose and every natural person domiciled within this State on the last day of the taxable year. Every natural person who spends in the aggregate more than six months of the taxable year within the State shall be presumed to be a resident. The presumption may be overcome by satisfactory evidence that such person is in the State for a temporary or transitory purpose, and not carrying on any trade or business or otherwise gainfully employed. Any natural person, who, on or before the last day of the taxable year, changes his domicile to some other State, shall be taxable as a resident to the date of removal as provided for in section 92-3316 under this title. Any natural person who is or shall become a resident of this State shall continue to be a resident even though temporarily absent from the State, until he legally qualifies to become a resident of another State."

A question somewhat similar to the one now under consideration was passed on by the Kentucky Court of Appeals (1939) in Martin v. Gage, 281 Ky. 95 (134 S. W. 2d, 966, 126 A. L. R. 449). In that case it appears from the statement of facts that continuously since October 15, 1937, Ethel Allen Gage had been a citizen and resident of Kentucky; that continuously for many years next before that date she was a citizen and resident of Massachusetts; that she reported on her income-tax return for the calendar year 1937 to the State of Kentucky all income received after acquiring domicile in Kentucky, or from October 15, 1937, through December 31, 1937, and paid to the Department of Revenue of Kentucky the tax shown to be due by that return; that she returned and paid to the State of Massachusetts income tax on all income received from

January 1, 1937, to October 15, 1937; and that the Department of Revenue of Kentucky made a deficiency assessment against her in a named amount for the calendar year 1937, the additional assessment being predicated upon the theory that Mrs. Gage became a resident of Kentucky by reason of having acquired a domicile in Kentucky before the last day of the taxable year, under provisions of Kentucky Statutes, § 4281 b-1 (g) ; and it was stated by the Kentucky Court of Appeals: "Accordingly, the record presents for our determination the question whether a person residing in Kentucky on the last day of a taxable year is liable to that State for income taxes computed on income derived from sources outside of Kentucky prior to the date on which such person became a resident of Kentucky. It was held:

"1. That a state income tax levies a tax upon the 'entire net income' of every resident, and defines 'resident' as including every person domiciled in the state on the last day of the taxable year, does not require that it be construed as imposing a tax on a person becoming a resident during the year in respect of income derived from sources outside the state prior to the date on which such person became a resident, where other provisions, such as that permitting returns for periods of less than a year, and that allowing credits to residents for income taxes paid to another state under a reciprocity provision, negative the idea that the legislature intended to work a hardship upon those to whom the statute applies, and a provision for taxing the income of non-residents derived from property located in, or business conducted in, the state negatives the idea that the tax is under all circumstances a tax levied upon the individual and not against his property.

"2. A determination of the question whether one becoming a resident of the State during the taxable year is taxable in respect of income received before becoming a resident should not depend upon the fact that the tax is a personal rather than a property tax, but upon its practical operation and effect.

"3. A statute must be construed, if fairly possible, so as to avoid doubt as to its constitutionality.

"4. A statute will not be so construed as to work inequality and hardship when such construction is not mandatorily required by the language employed."

Among the provisions of the Kentucky income-tax statute so con-

strued, which appear almost identical, or at least similar in language, to the Georgia income-tax law, are those relating to the imposition of the tax upon the "entire net income" of every resident; definition of the word "resident"; and that providing that a non-resident shall be taxed with respect to his entire net income from property owned or business carried on in the State. The definition of "resident" is as comprehensive in the Kentucky statute as that of the Georgia act. It was pointed out in the Martin v. Gage case that "the legislature, by imposing a tax on the income on non-residents, derived from property located in or business conducted *in this State,* not only took cognizance of the constitutional limitations upon its taxing powers, but negatived the idea . . . that the Kentucky income tax is under all circumstances a tax levied upon the individual, and not against his property."

In *Interstate Bond Co.* v. *State Revenue Commission,* 50 *Ga. App.* 744, 751 (179 S. E. 559), it was said: "An income tax may be described as one relating to the product or income from property or from business pursuits, and has been defined as a tax on the yearly profits arising from property, professions, trades, or offices, or as a tax on a person's income, emoluments, profits, and the like, or the excess thereof over a certain amount. The general view is that an income tax is not a property tax, but more in the nature of an excise tax. It is not, however, an occupation or a poll tax. It is not a franchise tax nor a sale tax, but the very antithesis thereof. *Featherstone* v. *Norman,* 170 *Ga.* 370 (153 S. E. 58, 79 A. L. R. 449). It is competent for a State to impose a tax upon the income of a resident thereof, or a domestic corporation, whether such income be derived from sources within or without the State. 61 C. J. 1561, § 2307." It is pertinent to note that following the last sentence, which is a quotation from Corpus Juris, it is stated in that text: "except that it cannot tax a resident upon income received by him from sources outside the state at a time when he was not a resident thereof," citing Kennedy v. Commissioner of Corporations and Taxation, 256 Mass. 426 (152 N. E. 747); Hart v. Tax Commissioner, 240 Mass. 37 (132 N. E. 621). It was held in *Green & Milam* v. *State Revenue Commission,* 188 *Ga.* 442 (2) (4 S. E. 2d, 144): "Section 12 of the State income-tax act of August 22, 1929 (Ga. L. 1929, p. 97), providing that 'the first return for taxes under this act shall be made each year on or be-

fore the 15th day of March for the preceding calendar year, but the liability of taxpayers thereunder for the year 1929 shall be assessed pro rata for one fourth of the year,' is not violative of art. 1, sec. 3, par. 2, of the constitution of Georgia (Code, § 2-302), providing that 'no . . retroactive law . . shall be passed,' even though it appears on demurrer that all the net profits earned by the defendant in execution during the year 1929 were earned before the passage of the act of August 22, 1929."

Neither of the two Georgia decisions just cited dealt with the question whether the State imposed a tax on an individual for the period of the calendar year before he became a resident and upon income earned by him outside of the State during such time. Those cases are not decisive of the present question, nor do they furnish a key to its answer. If in fact the legislature refrained from taxing an individual upon income derived from sources without the State before the time he became a resident of the State, it makes no difference whether it did so merely from its own choice or upon the belief that it could not constitutionally do so. We do not find it necessary in this case to decide whether it is in the power of the State to tax a person under such circumstances. But in United States v. Jin Fuey Moy, 241 U. S. 394 (36 Sup. Ct. 658, 60 L. ed. 1061), in an opinion delivered by Mr. Justice Holmes, it was held: "A statute must be so construed, if fairly possible, as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score." See *Walker* v. *Employers Liability Assurance Corporation,* 66 *Ga. App.* 198, 200 (17 S. E. 2d, 306). The language of a statute must be given a reasonable construction; and where susceptible of more than one meaning, it should be interpreted consistently with the constitution. *Head* v. *Cigarette Sales Co.,* 188 *Ga.* 452, 460 (4 S. E. 2d, 203). A distinction is made by the legislature in the Georgia income-tax act imposing the tax as to a resident upon his "entire net income," and as to a non-resident upon his "net income from property owned or from business carried on in this State." We think these sections of the Georgia income-tax law as to the imposition of the tax and statutory definitions, quoted above, when construed together, authorize if they do not compel the interpretation that the legislature did not intend to impose a tax upon such portion of the income of a resident as was derived by him from sources without the State be-

fore the date on which he became a resident of this State.

The other pertinent section of the Georgia income-tax law, not quoted but mentioned above, is Code § 92-3316, as follows: "Whenever the State Revenue Commission in its discretion shall determine that for any reason a person because of moving into the State or moving from the State is not liable for the tax for an entire year, it shall have the right to prorate the amount of tax due to the State of Georgia and also require the taxpayer to prorate the exemption on the basis of the time spent within the State. The State Revenue Commission in its discretion to be the sole judge as to when this section shall apply." That section does not impose the tax but rather is an administrative provision for proration of the portion of the year when *"for any reason a person because of moving into the State* or moving from the State *is not liable for the tax for an entire year."* (Italics ours.) The provision in § 92-3316, relating to the discretion given to the State Revenue Commission (now the commissioner) does not mean that he has a discretion to determine what is the law, but simply that he can determine facts which are necessary to make applicable its provisions. He could not because of that power exclude from its provisions a person who manifestly comes within its terms. He can not set aside the law, but must enforce it. His being the sole judge of the facts to apply in a particular case does not mean that he may act arbitrarily and withhold the benefits of the law from a taxpayer clearly entitled thereto.

Upon the foregoing principles the question certified is

*Answered in the negative. All the Justices concur, except Hewlett, J., not participating.*