48987. HENRY C. BECK COMPANY v. BLACKMON.

CLARK, Judge.

The State Revenue Commissioner issued a fi. fa. against Henry C. Beck Company to recover additional income taxes for the years 1954, 1955 and 1956. In opposition thereto the taxpayer filed its affidavit of illegality alleging the Commissioner's recomputation of its taxable income for the years in question by the use of a different accounting approach than that used by the company was erroneous and not authorized by statute. The case was tried in the Superior Court of Fulton County without a jury upon an agreed stipulation of facts. This appeal is by the taxpayer from the Superior Court's judgment adverse to its contentions.

Appellant is a Delaware corporation with its principal office and place of doing business in Dallas, Texas. It is engaged world-wide in the general construction business and has performed construction projects in various states and in foreign countries as well as in Georgia where it maintains an office in Atlanta. This office has the responsibility for soliciting business

in states east of the Mississippi River. The agreed stipulation of facts sets forth in detail the manner in which the Georgia office and the main office in Texas divide the company's operations. The agreement shows that the main office in Dallas performed all accounting, executive and managerial functions as well as some business solicitation for all of the company's projects including Georgia. Our examination of those details confirms the summary stated in Paragraph 7 of the taxpayer's affidavit of illegality which reads as follows: "That the business of Defendant as herein alleged was a unitary one, with vital business functions and activities incident to every phase of the Georgia business being performed in Texas, and the volume of Georgia business being dependent upon and influenced directly by Defendant's business activity elsewhere in the United States."

In determining its state income tax for 1954, 1955 and 1956, defendant calculated the amount of its income attributable to property owned or business done in this state by multiplying its entire net income from construction projects both within and without this state by an apportionment ratio based upon two factors: (1) gross receipts, and (2) wages and salaries. This method of apportionment resulted in defendant reporting net taxable income in Georgia of $91,484.17, $51,187.20 and $28,907.18 for the years 1954, 1955 and 1956, respectively. Defendant did not obtain, nor did it seek, the permission of the commissioner for the use of this two-factor formula.

When the commissioner conducted an audit of the defendant company he concluded that additional taxes were owed Georgia. The basis for this determination was that the taxpayer "was conducting a separate business within Georgia and that Beck should have, therefore, reported the income arising from the Georgia projects on a separate business basis, except for the apportionment of the general overhead expenses of the Company." (T. 40). In making this determination the commissioner relied upon his finding from the audit that defendant's books and records showed gross profit or loss which could be determined separately for each construction project,

and that the gross profit or loss of a particular project was not influenced by the gross profit or loss of other projects. Under this "separate business in Georgia" determination the commissioner ruled that income tax deficiencies existed for the years 1954 and 1955 in the principal amounts of $29,270.66 and $8,398.67, respectively, and the defendant reported too much income in 1956, resulting in an overpayment for that year of $1,156.29. Thus there was claimed a total tax deficiency of $36,504.04 plus interest for the three years in question.

1.  The principal question presented by this appeal is whether the State Revenue Commissioner may assess a tax upon a foreign corporation which is engaged in the construction business both within and without the state on a separate business basis for Georgia when that corporation has calculated its state taxable income by using a two-factor ratio without first obtaining the commission's approval.

The commissioner argues that since defendant arbitrarily and unilaterally utilized a two-factor formula without undertaking to obtain his permission for its use pursuant to either Code § 92-3114 or § 92-3115, he was authorized to file a return on behalf of defendant which would more accurately reflect defendant's domestic tax situation; and, moreover, since defendant's records show that gross profit and loss could be determined for each individual project, he was empowered to audit defendant's return on a separate business basis. Assuming arguendo that the commissioner is authorized to file a more correct return on behalf of a corporation which has not properly applied the correct apportionment ratio in calculating its state income tax, we must nevertheless reverse the decision of the superior court, for in the case sub judice, the commissioner has exceeded his legislative authority in determining defendant's tax by using "a separate business in Georgia" method.

The Georgia corporate income tax structure has remained substantially unchanged since the years involved in this action with the exception of a few minor differences such as changes in the tax rate. The basic directive during the years in question provided that the

rate of taxation for domestic and foreign corporations shall be a stated percentage of the "net income from property owned or from business done in Georgia, as defined in section 92-3113."[1]

The second unnumbered paragraph of Code Ann. § 92-3113 reads: "If the entire business income of the corporation is derived from property owned or business done in this State, the tax shall be imposed on the entire business income, *but if the business income of the corporation is derived in part from property owned or business done in the State and in part from property owned or business done without the State, the tax shall be imposed only on that portion of the business income which is reasonably attributable to the property owned and business done within the State,* to be determined as follows." (Emphasis supplied.) As the income of the defendant construction concern arose from business done both within and without the state, the appropriate formula for determining the amount of defendant's income attributable to Georgia is to be found in the remainder of this Code section.

The first formula following the paragraph pertains to interest received from investment bonds, income from other intangible property, and real estate rentals not used in operating the business. These sources of income are not subject to apportionment. Code Ann. § 92-3113 (1). Likewise, paragraph two mandates that gains from the sale of assets not connected with the trade or business of the corporation shall not be apportioned but shall be allocated either within or without the state. Code Ann. § 92-3113 (2). Neither provision is applicable here.

The remaining provisions of Code Ann. § 92-3113 require that the income attributable to Georgia shall be apportioned. Paragraphs (3) and (6) are not applicable to

---

[1] This quoted verbiage is contained in former Code Ann. § 92-3102. Substantially the same language is in the first paragraph of the same numbered section which has been considerably expanded as shown by a reading of Code Ann. § 92-3102 (as amended by Ga. L. 1973, pp. 924, 926).

the defendant corporation as they concern intangible property and subsidiary corporations respectively. Paragraph (4) requires apportionment of a corporation's net income by a three-factor formula "Where income is derived from the manufacture, production, or sale of tangible personal property . . ." via statutory definition, "the word 'manufacture' shall include the extraction and recovery of natural resources and all processes of fabricating and curing." Code Ann. § 92-3113 (4) (e). As the defendant did not engage in either the sale, production or manufacture of tangible personalty, but was in the general construction business, the provisions of the fourth paragraph are also not appropriate to the case at bar.

Paragraph (5), however, does apply to the activities of the defendant general contractor. That provision states: "Where income is derived from business other than the manufacture, production or sale of tangible personal property. . . *the net income shall be equitably apportioned within and without the State* under rules and regulations of the State Revenue Commissioner, *in the ratio that the business within the State is to the total business of the corporation."* (Emphasis supplied.)

As defendant's income during the years under consideration was attributable to business done both within and without the state, its Georgia income was therefore to be determined by apportionment. Code Ann. § 92-3113. That defendant's business records made it possible to determine gross profit or loss on a project by project (and hence state by state) basis provides no justification for the commissioner's finding that the defendant conducted a separate business in Georgia, and that its income could be determined on a separate business basis. Our tax scheme requires *apportionment* of corporate incomes when those incomes are attributable to business done both within and without our state. Furthermore, where, as in the case sub judice, a corporation's income is not dependent on the manufacture or sale of tangible or intangible property, its net income must be equitably apportioned "in the ratio that the business within the state is to the total business of the corporation." Code Ann. § 92-3113 (5). In

requiring defendant to report its income on a separate business basis, the commissioner violated this legislative mandate.

Even if it can be said that the action of the commissioner in determining defendant's income by a separate accounting method constituted a rule or regulation of the commissioner pursuant to Code Ann. § 92-3113 (5), (problems of promulgation and notice aside) our result would not be different. This is because the commissioner cannot develop a tax plan via regulation which would conflict with the general laws of this state. Paragraph (5) clearly requires the net income of corporations in defendant's status be apportioned equitably.

2. Nor can the commissioner rely on Code § 92-3114 or § 92-3115 as authority for his determination. Those sections confer upon nonresidents and corporations the right to seek alternative methods of determining their Georgia derived income when such methods would more accurately reflect that income. No power is thereby granted to the commissioner, however, to decide for himself, when no request is made, whether another formula would be more indicative of a taxpayer's tax situation. Thus the commissioner was not empowered to consider a more representative formula for calculating defendant's state attributable income, merely because defendant failed to seek his permission prior to utilizing the two-factor ratio. "Statutes levying taxes, excises, or duties upon the citizens of a state are to be construed strictly against the governmental authorities and liberally in favor of the citizen. [Cits.]" *Interstate Bond Co. v. State Revenue Comm.,* 50 Ga. App. 744, 751 (179 SE 559).

3. The cases relied upon by the commissioner do not support his contentions. *State of Ga. v. Coca-Cola Bottling Co.,* 212 Ga. 630 (94 SE2d 708) merely held that the use of the three-factor ratio provided for in Code Ann. § 92-3113 (4) was not proper where the business has no inventory and a zero factor would result. In *Phillips v. Sinclair Refining Co.,* 76 Ga. App. 34, 46 (44 SE2d 671), this court ruled that if a taxpayer "does not get permission to use a formula which he contends more

accurately ascertains the profits realized in Georgia, he is only authorized to use the formula prescribed in Code § 92-3113 . . . and use it *as* prescribed." Neither case authorizes the commissioner to exact from the taxpayer an arbitrarily determined sum, i.e., one not calculated according to a formula prescribed by law.

More apropos is the case of *Mexican Petroleum Corp. v. Head,* 64 Ga. App. 529 (13 SE2d 887), where a part of the income of a domestic corporation was derived solely from business done outside of this state. This business was entirely separate from that carried on within the state; it was performed by an office lying without the state, and no property within the state was used in connection therewith. In holding that the legislature did not intend for domestic corporations to be taxed on income derived wholly from business done outside the state, this court there ruled the commissioner abused his discretion in applying a formula based upon the corporation's total income. Conversely, we hold that where, as in the case sub judice, the net income of a corporation is derived from the performance of its business operations both within and without this state, it is an abuse of the commissioner's discretion to tax that corporation on a separate accounting basis, when the General Assembly has required that such income be equitably apportioned.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 8, 1974 — DECIDED APRIL 2, 1974 — REHEARING DENIED APRIL 22, 1974 —

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harold E. Abrams, R. Alexander Bransford, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, H. Perry Michael, Lauren O. Buckland, Assistant Attorneys General,* for appellee.