## 29000. BLACKMON v. HENRY C. BECK COMPANY.

GUNTER, Justice.

In this case we granted an application for a writ of certiorari to the Court of Appeals. Having reviewed the record and the applicable statutes and decisions, we conclude that the decision of the Court of Appeals was correct, and that its judgment must be affirmed. See *Henry C. Beck Co. v. Blackmon,* 131 Ga. App. 634 (206 SE2d 842) (1974).

In addition to affirming that court's judgment, we attempt here to make one clarification in Georgia's income tax law.

Code Ann. § 92-3113 (5) provides: "Where income is derived from business other than the manufacture, production or sale of tangible personal property, or from the holding or sale of intangible property, the net income shall be equitably apportioned within and without the state under rules and regulations of the State Revenue Commissioner, in the ratio that the business within the State is to the total business of the corporation."

We hold that when this statutory provision is applicable, as it is in this case, equitable apportionment is mandatory unless the taxpayer makes application for other treatment pursuant to Code § 92-3114 and Code § 92-3115 and such application is granted by the Revenue Commissioner.

The present statute makes no exception to the equitable apportionment method unless a timely application for other treatment is made by the taxpayer and allowed by the Commissioner. The case of *Mexican Petroleum Corp. v. Head,* 64 Ga. App. 529 (13 SE2d 887) (1941), decided under an earlier statute that was very similar to the present statute, indicates that the "separate business" rule may be applied. However, under the present statute we hold that the "equitable apportionment" rule is mandatory, and any indication to the contrary in *Mexican Petroleum* is disapproved and will not be followed.

We hold that the "separate business" rule cannot be supported by Code Ann. § 92-3113 (5), because that provision states: ". . . the net income *shall* be equitably apportioned within and without the State under rules and regulations of the State Revenue Commissioner, in the ratio that the business within the State is to the total business of the corporation."

If the General Assembly wants to provide for the "separate business" rule for a taxpayer, it must do so by the enactment of additional legislation on this subject.

*Judgment affirmed. All the Justices concur. Undercofler, P. J., disqualified. Hill, J., not participating.*

ARGUED SEPTEMBER 11, 1974 — DECIDED JANUARY 7, 1975.

*Arthur K. Bolton, Attorney General, Lauren O. Buckland, Assistant Attorney General,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, M. E. Kilpatrick, Harold E. Abrams, R. Alexander Bransford, Jr.,* for appellee.