## 53244. ROGERS v. CHILIVIS.

SHULMAN, Judge.

The appellant-taxpayer earned income while in Greece from 1969-1971. In November, 1971, he became a resident of Georgia. The income from these previous earnings was paid to him in 1972 and 1974 while he was a resident, but was excluded by the taxpayer from his taxable income reported in his 1972 and 1974 Georgia tax returns, and no state income tax was paid on these earnings. The taxpayer did, however, report this income on his 1972 and 1974 federal tax returns and pay the taxes due thereon. Upon review of his state tax returns for these years the state revenue commissioner assessed the taxpayer for the taxes due on these excluded amounts. The Superior Court of DeKalb County upheld the assessment after the taxpayer's appeal to that court. To this court the taxpayer presents three enumerations of error.

The crux of each enumerated error is whether income earned by a taxpayer prior to becoming a resident, but received afterwards, is income taxable by the State of Georgia. Code Ann. § 92-3101 imposes a tax upon the "Georgia taxable net income of the taxpayer." This is defined in Code Ann. § 92-3107 as "the taxpayer's Federal adjusted gross income, as defined in the United States Internal Revenue Code of 1954," with some adjustments not pertinent to this case. It is the taxpayer's contention that these Code sections do not require the inclusion as income of money earned before he became a resident of the state.

In *Forrester v. Culpepper,* 194 Ga. 744 (22 SE2d 595)

our Supreme Court held that the State of Georgia could not tax the income of a resident which was "earned and collected" from sources outside the state *before* the taxpayer became a resident. In support of this the court said, quoting from *Interstate Bond Co. v. State Revenue Comm.,* 50 Ga. App. 744, 751 (179 SE 559): " 'It is competent for a State to impose a tax upon the income of a resident thereof, or a domestic corporation, whether such income be derived from sources within or without the State. 61 C. J. 1561, § 23.07.' It is pertinent to note that following the last sentence, which is a quotation from Corpus Juris, it is stated in that text: 'except that it cannot tax a resident upon income *received* by him from sources outside the state at a time when he was *not* a resident thereof.' " 194 Ga. 748. (Emphasis supplied.) Contrary to taxpayer's interpretation, we construe *Forrester* to mean that only income both earned *and* received prior to becoming a resident escapes taxation.

Moreover, when this taxpayer filed his first state tax return he therein elected to use a cash method of accounting. Under such method all income which the taxpayer actually or constructively received during the tax year is subject to taxation. "Cash basis taxpayers must report money *unconditionally* subject to their demand as income, even though they have not reduced it to possession." 33 AmJur2d 583, Federal Taxation (1977), ¶ 2566. Code Ann. § 92-3118 (c) provides that a cash basis taxpayer is to include as income all earnings *received* during the tax year. This is in conformity with the cash method of accounting provided for in federal law (see 33 AmJur2d 354, Federal Taxation (1977), ¶ 1560 et seq.), and this state's usage of federal taxable income as the basis for determination of state taxable income. Code Ann. § 92-3107.

In this connection it is important to note that this taxpayer included the disputed income in his 1972 and 1974 federal tax returns. Under the authority of Code Ann. § 92-3107 the revenue commissioner properly used the taxpayer's federal taxable income in ascertaining his state taxable income, and correctly inferred from the taxpayer's federal tax returns that the disputed income was either actually or constructively received in 1972 and

1974. Furthermore, as we said in *Head v. Maxwell,* 60 Ga. App. 488, 490 (4 SE2d 45), " '[E]ntire net income,' as used in § 92-3101, is nowhere limited to a net income earned solely within the State of Georgia. . ."

It is quite clear to this court that income earned by a cash basis taxpayer outside the state before becoming a resident is taxable under the Public Revenue Code if actually or constructively received after becoming a resident. There is no merit to any of the three enumerations of error.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED FEBRUARY 25, 1977 — ▮▮▮▮▮▮▮

Philip D. Rogers, *pro se.*

*Arthur K. Bolton, Attorney General, Franklin N. Biggins, Assistant Attorney General,* for appellee.