A95A1347. COLLINS v. AMERICAN TELEPHONE &
TELEGRAPH COMPANY et al.
(464 SE2d 642)

JOHNSON, Judge.
The issue presented in this case is whether former OCGA § 48-7-31 (d) (3) permitted a corporation engaged in a unitary service-related business with other corporations to file tax returns utilizing a unitary method of apportioning income. We find that the Code section as it existed at the time did authorize the taxpayers to employ that method of apportionment and affirm the judgment of the trial court.

In 1984, 1985 and 1986, each of the taxpayers involved in this case (American Telephone & Telegraph Company, AT&T Communications of the Southern States, AT&T Communications, AT&T Credit Corporation, AT&T Intelliserve, AT&T Resource Management Corporation, AT&T Southeast, and AT&T Teletype) filed separate state income tax returns. Each return determined the taxpayer's taxable income by taking the combined net income of the taxpayer and the other affiliated companies and apportioning that total income based on the ratio of the particular taxpayer's property, payroll and gross receipts in Georgia to the property, payroll and gross receipts everywhere for the affiliates. The state revenue department audited the taxpayers' state income tax returns for those years, determined each taxpayer's tax liability based only on the particular taxpayer's income and deductions, and then apportioned income using the three-factor formula set out in OCGA § 48-7-31 (d) (2). The taxpayers appealed the determination of their tax liabilities, which protests were denied by the revenue department. Thereafter, the taxpayers appealed to the superior court where, after a bench trial, the court held that the taxpayers were required by OCGA § 48-7-31 (d) (3) to equitably apportion their income and that, because that Code section does not specify which method of apportionment must be used by taxpayers, they were free to choose their own method of apportionment, including the unitary method of apportionment they had selected. The Commissioner appeals.

1. The Commissioner argues that it properly computed the taxpayers' liabilities for the years in question on a separate company basis because each company's tax return must reflect that corporation's income, the equitable apportionment provision of OCGA § 48-7-31 (d) (3) does not contemplate combined returns, corporations should not be allowed an unrestricted right to choose whatever

method of apportionment is to their advantage, and the trial court's interpretation of OCGA § 48-7-31 (d) (3) creates an unreasonable and perhaps unconstitutional distinction between (d) (3) companies and all other corporate taxpayers.

During the years at issue, OCGA § 48-7-31 (d) (3) provided: "[W]here the net business income is derived principally from business other than the manufacture, production, or sale of tangible personal property . . . the net business income of the corporation *shall be equitably apportioned* within and outside this state in the ratio that the business within this state bears to the total business of the corporation." (Emphasis supplied.) This Code section does not specify what type of apportionment formula must be used. The preceding subsections, on the other hand, which apply to corporations engaged in the business of holding or selling intangible property, or those engaged in manufacturing, producing or selling tangible property, specify that those corporations are to apportion income using a one-factor or a three-factor formula. OCGA § 48-7-31 (d) (1) and (2).

In construing statutes, we are required to follow the literal meaning of the statute unless it produces an absurdity, contradiction or such an inconvenience as to ensure that the legislature meant something else. *Telecom\*USA v. Collins*, 260 Ga. 362, 363 (1) (393 SE2d 235) (1990). "[W]hen a taxing statute has doubtful meaning, it must be construed liberally in favor of the taxpayer and against the State." Id. at 364; *Thompson v. Eastern Air Lines*, 200 Ga. 216, 224 (39 SE2d 225) (1946).

The parties agree that the taxpayers in this case were engaged in the unitary business of providing services and were therefore required to equitably apportion their income pursuant to OCGA § 48-7-31 (d) (3). The parties also agree that that Code section did not specify any particular method of apportioning income. The question is whether the taxpayers had to use the method of equitable apportionment selected by the Commissioner or whether they could use another method. The unitary method employed by the taxpayers in this case is one such method of apportionment. Using this method of apportionment, the state tax base is calculated by defining the scope of the unitary business of which the local business forms one part, and apportioning the income of that unitary business between this state and the rest of the world, taking into account objective measures of the corporation's activities in and outside of the state; the constitutionality of the unitary business apportionment method has been upheld and its wide acceptance recognized by the United States Supreme Court. *Container Corp. of America v. Franchise Tax Bd.*, 463 U. S. 159, 165 (103 SC 2933, 77 LE2d 545) (1983). The taxpayers in this case chose to use the unitary method of apportionment, as they believed it fairly and equitably apportioned their income to Georgia

based on their business activities here. The Commissioner did not contend that the method was inequitable or unreasonable, just that the taxpayers should have used the three-factor method of apportionment set forth in OCGA § 48-7-31 (d) (2). Contrary to the Commissioner's argument, we hold that the taxpayers were not required to utilize that formula set forth in OCGA § 48-7-31 (d) (2).

In *Henry C. Beck Co. v. Blackmon*, 131 Ga. App. 634, 639 (2) (206 SE2d 842) (1974), we held that because the statute gave corporations the right to use alternative methods of determining their Georgia-derived income, the Commissioner had no power, when no request was made, to decide whether another formula would more accurately reflect a taxpayer's tax liability. Nor did the Commissioner have the power to recalculate the taxpayer's income utilizing a different method merely because the taxpayer failed to seek his permission before using its selected method. Id. at 639. The Georgia Supreme Court affirmed the decision, adding that the Commissioner could treat businesses subject to the mandatory provisions of the equitable apportionment statute as separate businesses. *Blackmon v. Henry C. Beck Co.*, 233 Ga. 412, 413 (211 SE2d 711) (1975). We are not persuaded by the Commissioner's argument that *Henry C. Beck Co.* is not controlling.

We agree with the trial court that the taxpayers' use of the unitary apportionment method was consistent with the plain meaning of the statutory language and this Court's holding in *Henry C. Beck Co.* We add that taxpayers were not unrestricted in their methods of apportionment inasmuch as (d) (3) allowed the Commissioner to determine if the method of apportionment selected fairly and equitably apportioned income to this state. We agree with the trial court's statement that if the legislature had intended taxpayers use a specific method of apportionment, it would have provided for such in the statute. In outlining specific methods of apportionment in subsections (d) (1) and (d) (2), while providing in (d) (3) only a general directive to equitably apportion income, the legislature manifested an intent not to require a specific method of apportionment for (d) (3) corporations. In any event, whether the trial court's interpretation of the statute discriminates against corporations engaged in other types of business is not a question which is before this Court and therefore is not ripe for review.

2. The Commissioner argues that the taxpayers filed a combined return without the Commissioner's consent. As discussed in Division 1, former OCGA § 48-7-31 (d) (3) allowed taxpayers discretion in selecting a method of apportionment. Moreover, the Code sections upon which the Commissioner relies as prohibiting combined returns do not purport to apply to unitary businesses filing separate returns and equitably apportioning income as prescribed by Chapter 7 of the

Code.

3. We agree with the Commissioner's contention that neither the proposed regulation interpreting former OCGA § 48-7-31 (d) (3) nor the absence of administrative rules interpreting the Code section is necessary to a resolution of the issues in this case. See Divisions 1 and 2. Inasmuch as the Commissioner alleges no error by the trial court in this regard, there is nothing presented for review.

4. The Commissioner contends that the taxpayers' arguments concern policy matters which should be addressed to the legislature rather than to the courts. As we have noted, the legislature is completely free to act in this area and is the primary source of policy as well as law on such tax matters. Indeed, in 1995, the legislature did amend OCGA § 48-7-31 (d) (3) so as to specify a particular method of apportionment for (d) (3) corporations. That the legislature deemed it necessary to so amend the statute is evidence that it recognized the fact that the statute as it was left the method of apportionment open. Moreover, if the legislature intended the amendment to apply retroactively, it could have so provided in the statute. In any event, this issue is rendered moot by our holdings in Divisions 1 and 2.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 29, 1995 — 

*Michael J. Bowers, Attorney General, Daniel M. Formby, Warren R. Calvert, Senior Assistant Attorneys General*, for appellant.

*Troutman Sanders, David F. Golden, William N. Withrow, Jr., Norman L. Underwood*, for appellees.