## ROSS *v.* JONES.

1. The legislature may pass an act to become effective at some future date after its passage and approval by the Governor. Consequently, where the legislature passed an act which was approved on August 17, 1920 (Acts 1920, p. 96), reciting in section 1 that "upon the passage and approval" of the act there should be appointed by the Governor an additional judge of the superior courts of the Macon Circuit for a term commencing on the date of the appointment, etc., and, where by section 11 of the act it was provided that "This act shall not go into effect until November 1st, 1920," the act became effective on the latter date; and where on November 1, 1920, the appointee qualified as judge and a commission was issued to him by the Governor, such qualification and commission authorized the judge to perform the duties of the office until his successor was duly elected and qualified in the manner prescribed by law. The word "upon," as used in the first section construed in connection with section 11 of the act, means "after."

2. Thirty days not having intervened between November 1, 1920, and the next general election after the appointment of an additional judge for the Macon Circuit (November 2, 1920), it was competent for the Governor, on November 1, 1920, to issue a commission to the appointed and qualified judge, authorizing him to discharge the duties of the office until January 1, 1923, as provided by the act of 1920.

3. The act of 1920 (Acts 1920, p. 96) is not unconstitutional as being repugnant to art. 6, sec. 3, pars. 1, 2, and 3, of the constitution of Georgia (Civil Code, §§ 6507, 6508, 6509), or to art. 5, sec. 1, par. 14 (Civil Code, § 6483), which relate to the election and terms of office of judges of the superior court, and how vacancies in such office are to be filled.

No. 2436. April 14, 1921.

Quo warranto. Before Judge Mathews. Bibb superior court. January 27, 1921.

*James L. Anderson* and *John P. Ross,* for plaintiff.

*Orville A. Park, Warren Grice, Harry S. Strozier, Pope F. Brock,* and *A. L. Miller,* for defendant.

HILL, J. John P. Ross filed his petition for leave to file an information in the nature of a quo warranto to inquire into the right of Malcolm D. Jones to hold the office of additional judge of the superior courts of the Macon circuit. The respondent filed both an

answer · and a general demurrer to the information. The trial judge, after a hearing on the information and demurrer, dismissed the proceeding. The relator excepted to the judgment, and brings a writ of error to this court. The question is whether the case was properly decided on the issue raised by the demurrer to the information. The record shows, in substance, the following facts : . The legislature in 1920 passed an act the caption of which is as follows : " An act to carry into effect an amendment to the constitution of this State, approved August 22, 1905, and duly ratified, authorizing the legislature to add one or more additional judges of the superior court for any judicial circuit in this State. so as to provide an additional judge of the superior court for the Macon Circuit; to regulate the manner in which the judges of the Macon Circuit shall dispose of the business thereof; to fix the time at which the term of said additional judge shall begin, to provide for his appointment and for his compensation; and for other purposes." Acts 1920, p. 95. The act was approved by the Governor on August 17, 1920. Section 1 of the act, omitting the formal part, is as follows : " That *upon the passage and approval* [italics ours] of this act there shall be appointed by his Excellency, the Governor, an additional judge of the superior court for the Macon Circuit for a term of office commencing on the date of such appointment and continuing until the first day of January, 1923, and until his successor shall have been duly elected and qualified in the manner now provided by law for the election of judges of the superior courts." The act contains twelve sections. The 12th section repeals conflicting laws. The 11th section is as follows : " Be it further enacted, that this act shall not go into effect until November 1st, 1920." The other sections of the act refer to the election of the successors to the additional judge appointed by the Governor, etc., and are not material to the consideration of the questions presented for decision in this case.

On September 25, 1920, the Governor passed an order appointing Malcolm D. Jones, the respondent, judge of the superior courts of the Macon Circuit. In the order it was provided : " This appointment to be effective from this date, and until January 1st, 1923." Malcolm D. Jones took the oath of office and was commissioned by the Governor on November 1, 1920, as judge of the Macon Circuit for a term expiring December 31, 1922, and has since that time been

holding and discharging the duties of the office. The information alleges that the relator, having the necessary qualifications for the office, was duly elected to the office in question at the regular general election held for members of the General Assembly on Tuesday after the first Monday in November, 1920 (November 2, 1920), and that after the first day of January, 1921, he offered to qualify for said office and to assume its duties and responsibilities; that he applied to the Governor to have the oath of office administered by dedimus potestatem to the ordinary of Bibb County, and to issue and have delivered to him a commission as judge of the superior court of the Macon Judicial Circuit, under the act of August 17, 1920, for the unexpired term beginning January 1, 1921; that the Governor declined to qualify and commission him, on the ground that he had appointed Malcolm D. Jones to the office for a term ending December 31, 1922, and had issued a commission to him accordingly; that although the relator was duly elected to the office under the terms and provisions of the constitution of Georgia, and was entitled to the office and to discharge its duties and enjoy its emoluments from and after December 31, 1920, for a term of four years, the respondent held and retained the office and refused to surrender it to the relator. It is insisted by the relator, on argument here, that " upon the passage and approval " of the act creating the additional judgeship in the Macon circuit, viz., on the 17th day of August, 1920, the office was created, and a vacancy existed therein ipso facto, which it was the duty of the Governor *then,* or within a reasonable time, to fill.

It has been held that the legislature can pass an act to take effect at a future date. *Grinad* v. *State,* 34 *Ga.* 270; and see 25 R. C. L. 797, 799, §§ 46, 48, and cases cited; also Schneider *v.* Hussey, 2 Idaho, 8 (1 Pac. 343) ; Harding *v.* People, 10 Colo. 387 (15 Pac. 727); State *v.* Bemis, 45 Neb. 724 (64 N. W. 348); Goree *v.* Greenwood, 93 S. C. 312 (76 S. E. 705); Patterson Foundry &c. Co. *v.* Ohio River Power Co., 99 Ohio St. 429 (124 N. E. 241). The controlling question is, whether the act took effect on the date of its approval, August 17, 1920, or whether it took effect upon November 1, 1920, as provided in section 11 of the act. The word " upon," as used in the first section of the act, has many meanings; and we can not agree with learned counsel for the relator that the word " upon " as here used has the ex-

clusive meaning of "immediately after," or within a "reasonable time after," in view of section 11 of the act, construed in connection with section 1. "Upon" is used to designate or denote the time at which anything happens; it may mean before, after, or simultaneously with the fact to which it relates, and is often employed in the sense of after, contemporaneously with, or shortly after, as soon as, at, or at the time of, or after, or when. 29 Cyc. 1484, 1485; 3 Words & Phrases, 2d Series, 723. ".The word 'upon' may mean at a certain time or before or after it." 6 Words & Phrases, 4960, 4961. While there are several definitions of the word "upon," the one giving it the meaning of "after" is just as reasonable as any. To give the word "upon," as used in the first section of the act, the meaning of "immediately after," or within a "reasonable time after," would make that section conflict with section 11 of the act; whereas, in the view we take of the two sections construed together, there is no conflict as to the time when the legislature intended the act of 1920 to become operative. Section 11 is the *specific* declaration as to the time when the act goes into effect; whereas, under the construction we have given the word "upon" in section 1 of the act, it means "after" the approval of the act, and November 1 being "after" August 17, 1920, the time of the approval of the act, we hold that it was the intention of the legislature that the *specific* date (November 1st) named in section 11 was the time when the act should take effect, section 1 being merely general as to the time. And the time when the act should go into effect was the subject-matter of both sections, and also the time when the office should come into existence. Nothing could be more specific than to say, "This act shall not go into effect until November 1st, 1920." See *Torrence* v. *McDougald,* 12 *Ga.* 526; 25 R. C. L. 1010, 1011, and cases cited under note 5. While the order designating the respondent as judge by the Governor was made on September 25, 1920, the appointment was not complete until November 1, 1920, when the act took effect, and when respondent *qualified* as judge and *received his commission* as such. 22 R. C. L. 441, § 96.

It is also insisted that so much of section 1 of the act of August 17, 1920, as requires the Governor to fill the vacancy in the office of additional judge of the Macon circuit, created by the act, for a term extending beyond December 31, 1920, and "until the first

day of January, 1923," and that so much of section 2 of the act as provides that the successor of said appointee shall not be elected until the general election to be held on the first Tuesday after the first Monday in November, 1922, are void as contravening art. 6, sec. 3, pars. 1, 2, and 3, of the constitution of Georgia (Civil Code of 1910, §§ 6507, 6508, 6509), and art. 5, sec. 1, par. 14 (Civil Code, § 6483), these sections being as follows: § 6507: "There shall be a judge of the superior courts for each judicial circuit, whose term of office shall be four years, and until his successor is qualified. He may act in other circuits when authorized by law. The legislature shall have authority to add one or more additional judges of the superior court for any judicial circuit in this State, and shall have authority to regulate the manner in which the judges of such circuits shall dispose of the business thereof, and shall fix the time at which the term or terms of office of such additional judge or judges shall begin, and the manner of his appointment or election, and shall have authority from time to time to add to the number of such judges in any judicial circuit, or to reduce the number of judges in any judicial circuit: Provided, that at all times there shall be at least one judge in every judicial circuit of this State." § 6508: "The successors to the present and subsequent incumbents shall be elected by the electors entitled to vote for members of the General Assembly of the whole State, at the general election held for such members, next preceding the expiration of their respective terms: Provided, that the successors for all incumbents whose terms expire on or before the first day of January, 1899, shall be elected by the General Assembly at its session for 1898, for the full term of four years." § 6509: "The terms of the judges to be elected under the Constitution (except to fill vacancies) shall begin on the first day of January after their election. Every vacancy occasioned by death, resignation, or other causes shall be filled by appointments of the Governor until the first day of January after the general election held next after the expiration of thirty days from the time such vacancy occurs, at which election a successor for the unexpired term shall be elected." § 6483: "When any office shall become vacant, by death, resignation, or otherwise, the Governor shall have power to fill such vacancy, unless otherwise provided by law; and persons so appointed shall continue in office until a successor is commissioned,

agreeably to the mode pointed out by this Constitution, or by law in pursuance thereof."

It is true that our constitution provides that " Legislative acts in violation of this Constitution or the Constitution of the United States are void, and the judiciary shall so declare them." Art. 1, sec. 4, par. 2 (Civil Code, § 6392). This court, in construing this provision, has said, speaking through Hall, J., that while it is true that acts of the legislature in violation of the constitution are void and the courts shall so declare them, yet that the constitutional mandate has this qualification: the violation of the constitution " must be clear and unequivocal," before an act of the legislature will be declared by the courts to be unconstitutional. *Wellborn* v. *Estes,* 70 *Ga.* 390, 404. And see 1 Story's Con. §§ 455, 456. It is insisted that, through misapprehension of its powers under the constitution, the legislature undertook to fix " the far limit of the appointee's term of office at January 1, 1923, whereas it had power only to fix the beginning of the term." Under the construction which we have placed upon the act of 1920, the legislature did not deprive the people of the right to fill the office of judge by election on November 2, 1920, as contended, inasmuch as thirty days did not elapse between the date of appointment (November 1) and the date of the next general election, which it appears from the record was on November 2, 1920. Therefore the act in question does not offend the constitutional amendment of 1905, nor the other provisions of the constitution, set out above, which it is claimed were offended by the act. The legislature evidently had in mind the specific date (November 1) when the act was to go into effect; and the provision in section 2 of the act for the election of a successor to the first appointee under the act on Tuesday after the first Monday in November, 1922, is not unconstitutional for any reason assigned, and the commission of the appointee authorizing him to act as judge until January 1, 1923, is in conformity with the act, which we hold is not violative of any of the constitutional provisions quoted.

It is insisted by counsel for the relator that from the date of the appointment of the respondent, on September 25, 1920, by the Governor, more than thirty days elapsed before the next general election on November 2, 1920, at which time the relator claims that

he received a total of 1145 votes and respondent received four votes, and that the election returns showing these votes cast for the relator and the respondent for judge of the Macon circuit were certified to the Governor by the secretary of State. But under the view we take of this case, as expressed above, the appointment of the respondent by the Governor did not really occur, within the meaning of the act of 1920, supra, until November 1, 1920, when he qualified and received his commission; and therefore thirty days could not intervene between that time and the general election on November 2, at which time the relator claims that he was elected. It follows of course, under this construction of the act of 1920, that the appointment of the respondent to the office of judge of the Macon Circuit on November 1, the earliest possible time he could have been appointed under the act, would continue beyond December 31, 1920, and until the date named in the commission issued to him by the Governor, viz., December 31, 1922.

*Judgment affirmed. All the Justices concur.*