HEAD, revenue commissioner, *et al. v.* CIGARETTE SALES COMPANY.

No. 12830.  JULY 13, 1939.

456

*Ellis G. Arnall*, attorney-general, *B. B. Zellars, Emil J. Clower, Claude Shaw*, and *C. E. Gregory Jr.*, assistant attorneys-general, for plaintiffs in error.

*Sutherland, Tuttle & Brennan* and *A. E. Wilson*, contra.

BELL, Justice. (After stating the foregoing facts.)

■ Did the court err in failing to sustain the pleas to the jurisdiction filed by the defendants Head and Rockmore, the plaintiffs in error in this court? So far as these pleas are concerned, the mere failure of the court to sustain them, or to make any ruling whatever upon them, was not erroneous. *Dean* v. *Dean,* 178 *Ga.* 712 (174 S. E. 339); *Rodgers* v. *First Mutual Building & Loan Association,* 179 *Ga.* 147 (175 S. E. 477). The petition did not upon its face show a lack of jurisdiction; and even if the pleas might be treated as demurrers, though not so called, there was no error in failing to sustain them. Cf. *Seaboard Air-Line Railway Co.* v. *Jolly,* 160 *Ga.* 315 (127 S. E. 765); *McDermid* v. *McDermid,* 182 *Ga.* 320 (185 S. E. 515).

■ Is the statute unconstitutional for any reason urged? The plaintiff in the trial court, defendant in error here, contended that as related to cigarettes the amending act is unconstitutional, because the tax imposed is a direct tax upon property, and is not uniform, as required by art. 7, sec. 2, par. 1, of the constitution of

this State, which, as amended in 1937, requires that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Code Ann. § 2-5001, Ga. L. 1937, p. 39. There is no merit in this contention. The tax is not on property, but on the person; and so far as it relates to the plaintiff's customers, it is a tax upon the privilege of holding or possessing, for their own personal use, or for the use of members of their families in this State, cigarettes received or acquired in any manner. Such a tax is sometimes referred to as a "use" tax; but whatever it may be called, it is properly classified as an excise, and not as an ad valorem or direct tax. The statute refers to the tax as "a license or privilege tax;" and while the designation thus employed is not conclusive, it is entitled to some weight in construing the statute. Flint v. Stone Tracy Co., 220 U. S. 107 (31 Sup. Ct. 342, 55 L. ed. 389, 411, Ann. Cas. 1912B, 1312); Lutz v. Arnold, 208 Ind. 480 (193 N. E. 840, 196 N. E. 702). There is a material distinction between an excise and a property tax. An excise tax has been defined to be a tax imposed upon the performance of an act, engaging in an occupation, or the enjoyment of a privilege. Patton v. Brady, 184 U. S. 608 (22 Sup. Ct. 493, 46 L. ed. 713, 718); Flint v. Stone Tracy Co., supra. See also Gilman v. Philadelphia, 70 U. S. 713 (18 L. ed. 96); Pacific Gas & Electric Co. v. Roberts, 168 Cal. 420, 430 (143 Pac. 700; 33 C. J. 278, §§ 3, 4). It is usually imposed directly by the legislature, without an assessment, while a property tax is ordinarily computed upon valuation and levied either where the property is situated or at the owner's domicile. At the time of the passage of the act here under consideration, there were general statutes of force in this State providing for levy of ad valorem taxes, for counties by designated county officers (Code, §§ 92-3701 to 92-3710, inclusive), and for the State by the Governor, with assistance of the comptroller-general (Code, §§ 92-5703, 92-5704), and these statutes are still in force as applied to tangible property. Ga. L. (Ex. Sess.) 1937-38, p. 156. In one of the early decisions of the Supreme Court of the United States it was held that "An act laying duties upon carriages for the conveyance of persons" was an excise, and not a direct tax. Hylton v. United States, 3 U. S. 171 (1 L. ed. 556). In Bromley v. McCaughn, 280 U. S. 124 (50 Sup. Ct. 46, 74 L. ed. 226, the Hylton case was referred

to as involving a tax "upon the use of carriages," and other cases of like nature were collated; after which it was said: "It is true that, in each of these cases the tax was imposed upon the exercise of one of the numerous rights of property, but each is clearly distinguishable from a tax which falls upon the owner merely because he is owner, regardless of the use or disposition made of his property." Also, in the same opinion, it was said: "While taxes levied upon or collected from persons because of their general ownership of property may be taken to be direct, . . this court has consistently held, almost from the foundation of the government, that a tax imposed upon a particular use of property, or the exercise of a single power incidental to ownership, is an excise." In Patton v. Brady, supra, it was held that the tax levied on tobacco by the war-revenue act of June 13, 1898, was an excise, and not a direct tax upon property.

In *Lloyd* v. *Richardson*, 158 *Ga.* 633 (124 S. E. 37), it was held by this court that the tax levied by the act of August 15, 1923 (Ga. L. 1923, p. 39), at the rate of 10% of the sale price, upon persons engaged in selling cigars and cigarettes at retail, was not a tax on property, but was an excise or business tax. In *Scott* v. *State,* 187 *Ga.* 702 (2 S. E. 2d, 65), it was held that the tax of $1 per gallon on all distilled spirits, imposed by section 11 of the revenue act to legalize and control alcoholic beverages and liquors (Ga. L. Ex. Sess. 1937-38, pp. 103-15), is an excise, and not a tax on "property" in the sense of that term as used in the constitutional provision here invoked; and in the same case the following was quoted from *Standard Oil Co.* v. *State Revenue Commission,* 179 *Ga.* 371 (176 S. E. 1): "The constitutional restriction to five mills is applicable only to taxes upon property ad valorem." See Code, § 2-4902.

In the brief of counsel for the defendant in error it is contended that a tax that must be paid by reason of mere ownership of property is a tax upon the property itself. The tax here, however, is levied upon the privilege of holding or possessing of cigarettes for personal use in the State of Georgia, and is not a tax upon ownership. The case is different from Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288 (41 Sup. Ct. 272, 65 L. ed. 638), which involved a statute of Kentucky imposing an annual license tax upon every person engaged "in the business of owning

and storing whiskey" in bonded warehouses within the State. Notice that the tax there under consideration was levied upon the business of *owning and storing* the property mentioned. There is some suggestion in the brief that the General Assembly of Georgia had no power, under the constitution, to levy the cigarette tax which is brought into question in this case, considering the tax as a levy upon use. In *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), it was said that the provision of the constitution that all taxation shall be uniform upon the same classes of subjects refers to occupation taxes; and if this be true, the General Assembly thus had express constitutional authority for the levying of this tax; but in *Featherstone* v. *Norman,* 170 *Ga.* 370 (153 S. E. 58, 79 A. L. R. 449), it was pointed out that the power of the legislature to impose taxes is *inherent,* and is without limit except as *restricted* by the constitution. *Burch* v. *Savannah,* 42 *Ga.* 596; *State* v. *Western & Atlantic Railroad Co.,* 136 *Ga.* 619 (71 S. E. 1055). There is no merit in the contention that the tax in question is a direct or property tax, and is invalid because not uniform with the ad valorem tax levied by the State on tangible property.

The plaintiff's second contention was that the purported tax on persons who merely retain, keep, hold, or possess cigarettes for their own personal use, even though it be an occupation or privilege tax, is invalid and void, in that it violates the uniformity clause of the constitution of this State, as hereinbefore quoted, since it lays a tax upon persons who retain, keep, or possess for their own personal use unstamped cigarettes, while exempting those who so retain, keep, or possess stamped cigarettes; and that the classification as thus made is unreasonable and arbitrary. We can not agree to this contention. It has been held many times by this court that the legislature has the power to classify persons for the purpose of imposing occupation taxes. *Wright* v. *Hirsch,* supra. In *Coy* v. *Linder,* 183 *Ga.* 583 (189 S. E. 26), it was said that while this power is not unlimited, it is still subject *to but one limitation,* and that is, that the classification must be reasonable and not arbitrary. The object of the legislation here was to enforce equality, and not to destroy it. It is common knowledge that taxes are usually passed on to the consumer; and the evident purpose of this law was to prevent evasion, by placing a tax upon the privilege of use, as to cigarettes that have not been stamped as required by law, and

in this manner to equalize the tax burden. Under such a policy, if a person who retains, keeps, holds, or possesses cigarettes for his own use has purchased them from a dealer who has paid the tax as required by law, there would be no reason for exacting additionally a similar tax from the purchaser for the privilege of retaining, keeping, holding, or possessing. On the contrary, such a tax would be in the nature of double taxation; and it was entirely reasonable to exempt persons of this class, while taxing others who hold or possess cigarettes which have not been stamped by a dealer, and for the sale of which the tax has not been paid. See, in this connection, *Georgia Railroad & Banking Co.* v. *Wright*, 125 *Ga.* 589 (54 S. E. 52) ; Gregg Dyeing Co. *v.* Greenville, 286 U. S. 472, 52 Sup. Ct. 631 (76 L. ed. 1232). Compare *Elder* v. *Home Building & Loan Association*, 188 *Ga.* 113 (3 S. E. (2d) 75 (4)).

■ A further contention was that the statute is unconstitutional, because the tax imposed thereby constitutes a direct burden upon interstate commerce, in violation of the commerce clause of the Federal constitution. Code, § 1-125, 3. We can not sustain this contention. Under a proper construction of the statute, the tax is not laid upon the privilege of *receiving* cigarettes in this State, but is levied upon the privilege of retaining, keeping, holding, or possessing them for personal use, *after* they have been received, acquired, or brought into this State, the essential requirement being that any person or persons so receiving them "shall, within one hour after receipt of such products, or after having acquired possession thereof, or after having brought the same within the State of Georgia, as the case may be, and before the same, or any part thereof, are used or consumed, cause the same to have the requisite denomination and amount of stamp or stamps to represent the tax due thereon affixed as stated." While the language of the statute is somewhat confused, it must be given a reasonable construction; and where suceptible of more than one meaning, it should be interpreted consistently with the constitution. In section 1 it is declared that every person who "receives [cigarettes] by any means in this State and/or retains, keeps, or possesses [them] for his or her own personal use in this State . . shall pay . . a license or privilege tax," the amount of which is afterwards stated. In section 2(d) the language is somewhat different, including the words, "Every person receiving, holding, or posses-

sing." Considering the act as a whole, we can not agree that the tax imposed thereby is a tax upon the privilege of receiving, whether through interstate commerce or otherwise; but we think it is a tax for the privilege of holding or possessing for personal use *after* receipt or acquisition by any means. This seems to be the necessary conclusion, in view of the provision that if the cigarettes are not stamped as required, the person acquiring them "shall within one hour *after receipt of such products,* or after having acquired possession thereof, or after having brought the same within the State of Georgia, as the case may be, and before the same or any part thereof are used or consumed," cause the requisite denomination and amount of stamps to be affixed. (Italics ours.) The tax is therefore an excise upon the privilege of use, or of holding or possessing for use, and not upon receipt. As was stated in Henneford v. Silas Mason Co., 300 U. S. 577 (57 Sup. Ct. 524, 81 L. ed. 814), "The tax is not upon the operation of interstate commerce, but upon the privilege of use after commerce is at an end." See also Bowman v. Continental Oil Co., 256 U. S. 642 (41 Sup. Ct. 606, 65 L. ed. 1139); Monamotor Oil Co. v. Johnson, 292 U. S. 86 (54 Sup. Ct. 575, 78 L. ed. 1141); Trinityfarm Construction Co. v. Grosjean, 291 U. S. 466 (54 Sup. Ct. 469, 78 L. ed. 918); Coverdale v. Arkansas-Louisiana Pipe Line Co., 303 U. S. 604 (58 Sup. Ct. 736, 82 L. ed. 1043); Southern Pacific Co. v. Gallagher, — U. S. — (59 Sup. Ct. 389, 83 L. ed. 352); Pacific Telephone & Telegraph Co. v. Gallagher, — U. S. — (59 Sup. Ct. 396, 83 L. ed. 359); Felt & Tarrant Manufacturing Co. v. Gallagher, — U. S. — (59 Sup. Ct. 376, 83 L. ed. 361).

The plaintiff contends, however, that the period of one hour which is allowed, after receipt, for the purchase, application, and canceling of the stamps, is so unreasonably short as to make the holding or possessing of the cigarettes virtually a part of the act of receiving them, and that in this view the tax should be considered as a burden on interstate commerce. As will be seen from the foregoing decisions, such commerce may be ended in a moment, and when it is thus ended the tax may become immediately effective as an excise upon an intrastate transaction. In Southern Pacific Co. v. Gallagher, supra, it was said: "Some of the articles were ordered out of the State, under specification suitable only for utilization in the transportation facilities, and installed immediately

on arrival at the California destination. If articles so handled are deemed to have reached the end of their interstate transit upon 'use or storage,' no further inquiry is necessary as to the rest of the articles which are subjected to a retention, by comparison, farther removed from interstate commerce. We think there was a taxable moment when the former had reached the end of their interstate transportation and had not begun to be consumed in interstate operation. At that moment, the tax on storage and use —retention and exercise of a right of ownership, respectively—was effective. The interstate movement was complete. The intrastate consumption had not begun." The court further observed in that case that practical continuity does not always make an act a part of interstate commerce. Accordingly, in the present case it can not be said that the time element renders the tax invalid, as contended.

It is further insisted that while the act requires the affixing of stamps to all cigarettes received by a retail dealer or consumer from without the State, the act makes no provision for the sale of stamps, either to such retailer or to the consumer; and the petition also alleged that the State revenue commissioner, through regulations and official interpretation, has ruled that he can not sell stamps to either retail dealers·or consumers, and that the law as thus interpreted and enforced would absolutely prohibit interstate commerce in such articles, by way of shipment into the State of Georgia, to such retail dealers or consumers. While the statute does not in express terms authorize the sale of stamps to an individual, section 3 of the act of March 30, 1937 (Ga. L. 1937, 83, p. 88), supra, clearly implies that sales of stamps may be made both to wholesalers and retailers, and there is no inhibition against the sale to individuals. Manifestly this law was not intended to require the stamping of articles by individuals and at the same time prohibit the sale of stamps to them for that purpose. Consequently the right of individuals to purchase necessary stamps must also be implied, upon a reasonable interpretation of the statute. It does not appear that the commissioner has ever refused a sale of stamps to any of plaintiff's customers; and if he has made any rule or regulation to the effect that such a sale would not be permissible under the law, such ruling or regulation would be contrary to the clear meaning of the statute, and void. *State Rev-*

*enue Commission* v. *National Biscuit Co.,* 179 *Ga.* 90 (2), 99 (175 S. E. 368). Whatever else might be said of such a situation, the statute itself can not be treated as invalid merely because of some unwarranted regulation of the commissioner. Since it does not appear that the revenue commissioner has refused to sell stamps to any person concerned in the present case, or even that any such person would care to buy them in any event, the petition does not present a case for judicial action upon the ground that the law is being interpreted and applied in a manner which is contrary to the constitution.

■ The foregoing substantially covers all the questions relating to the validity of the statute which have been discussed in the brief of counsel for the plaintiff, although some additional attacks were contained in the petition. So far as the plaintiff may have been in position to challenge the statute, other attacks made were clearly without merit, as counsel impliedly concede by their failure to argue them. The whole weight of the plaintiff's case necessarily depends upon the alleged invalidity of the law in question; and since none of the attacks made are sustainable, it follows that the petition did not state a cause of action for any of the relief sought, and that the court erred in overruling the general demurrers.          *Judgment reversed. All the Justices concur.*