## 27347. COLUMBUS, GEORGIA et al. v. RUDD.

NICHOLS, Justice. The plaintiff sought a mandamus against Columbus, Georgia and its treasurer to compel the payment of a salary increase under a contract of employment. The contract of employment was entered into between the plaintiff and the Columbus-Muscogee County Planning Commission after the charter of the consolidated government was approved by the voters, but before its effective date. Under the employment contract the plaintiff was to be paid a stated salary for the first six months (probationary period) and then a stated higher salary. The new charter became effective while the petitioner was serving a six months probationary period. After the petitioner satisfactorily completed his probationary period the newly created consolidated council refused to authorize the payment of the previously contracted salary increase and the present petition for mandamus was instituted. The defendants filed defensive pleadings including a motion to dismiss upon various

grounds which were overruled. The judgment was certified for immediate review and the present appeal filed. *Held:*

1. Under the terms of the employment contract alleged the claimant was to be compensated at one salary for a probationary period and after successful completion of such probationary period of employment was entitled to receive a greater salary.

2. The employment contract was effective in its entirety at the time the claimant was employed and was not an obligation to become effective after the effective date of the charter creating the consolidated government.

3. Section 9-105 of the charter creating the consolidated government (Ga. L. 1971, Ex. Sess., pp. 2007, 2120) required the consolidated government to assure the obligations of the former City of Columbus and former Muscogee County. Provisos were included in such section which made obligations of the former city and former county subject to ratification if created to become effective "after the adoption" of such new charter.

"Adoption," under such circumstances, has been defined to mean the date of adoption by the entity entitled to adopt (the people, local or state government). See Real v. People, 42 N. Y. 272, 282; People v. Gardner, 45 N. Y. 812, 813. It has also been defined to mean the date such a proposal became effective organic law. See American Federation of State, County & Municipal Employees v. Philadelphia, 83 Pa. D. & C. Rep. 537; Board of County Commrs. v. Rollins Investment Co., 3 Wyo. 470 (27 P 683). Compare *Ross v. Jones,* 151 Ga. 425 (107 SE 160).

It is well settled that where an Act is of doubtful meaning, and may be susceptible of more than one meaning, one constitutional and the other not, then it shall be interpreted consistently with the Constitution. See *Head v. Cigarette Sales Co.,* 188 Ga. 452, 460 (4 SE2d 203); *Forrester v. Culpepper,* 194 Ga. 744, 749 (22 SE2d 595).

The constitutional amendment authorizing the General Assembly to create and empower the Charter Commis-

sion with power to prepare and submit such charter for approval by the people of the affected territory required that the consolidated government charter provide: "For the assumption by said countywide government of all bonded indebtedness and all other obligations of whatever kind of all governmental units, public authorities and special service districts which are consolidated by said charter and a method by which said countywide government shall assume the payment of any obligations issued under the Revenue Bond Law." Ga. L. 1968, pp. 1508, 1512. Accordingly, the proper construction of the word "adoption" here requires that it be construed as "effective date" of the charter since a construction of such word on the date the people of the affected territory approved the charter would not carry out the mandate of the Constitution with respect to the assumption of obligations of the former governments by the consolidated government, and, as pointed out in the Philadelphia case, supra, to hold otherwise would bring about a paralysis of government during the interim between the date of the election and the effective date of charter.

4. The contract of employment alleged in the complaint is analagous to a contract of employment between a school board and a teacher (see *Board of Educ. of Doerun v. Bacon*, 22 Ga. App. 72 (95 SE 753); *Regents of University System of Ga. v. Blanton*, 49 Ga. App. 602 (176 SE 673)), and where, as here, the employing agency, Columbus-Muscogee County Planning Commission, was authorized at the time of employing the claimant to employ him and to fix his salary (Ga. L. 1957, pp. 420, 422; *Code Ann.* § 69-1202) (Ga. L. 1958, p. 2331), and the consolidated government required to assume the obligation of such contract, the trial court did not err in overruling the defendants' motion to dismiss the complaint as failing to state a claim.

5. Whether the claimant is entitled to the full amount claimed or only a part thereof will depend upon a determination of the *circumstances surrounding an increase in*

compensation granted the claimant after the date on which, under the allegations of the pleadings, he was entitled to the increase under the terms of his employment contract.

*Judgment affirmed. All the Justices concur, except Hawes and Jordan, JJ., who dissent.*

ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972— REHEARING DENIED OCTOBER 23, 1972.

Mandamus. Muscogee Superior Court. Before Judge Land.

*Lennie F. Davis, James H. Fort, E. H. Polleys, Jr.,* for appellants.

*James A. Elkins, Jr.,* for appellee.

JORDAN, Justice, dissenting. The clear mandate of the Charter is to the effect that "any obligation created by Muscogee County [or the City of Columbus] to be effective after the *adoption* [emphasis supplied] of this Charter shall be subject to ratification and approval of the consolidated government upon the effective date of this Charter."

The facts are undisputed that the Charter was adopted by a vote of the people after extensive hearings and full information to the public on May 27, 1970, and that the contract here involved was entered into on August 17, 1970, almost 3 months after the Charter was adopted. At the time the contract was made, both the employer Planning Commission and the employee were on notice as to the provisions of the Charter and were bound by the same.

I agree that the contract of employment at the stated salary was binding upon the new government which took over on January 1, 1971, under provisions of the Charter providing that all full-time employees of the city and county would become employees of the consolidated government upon its inception. However, the salary increase under this contract was not effective until February 14, 1971, and thus became an obligation which under the terms of the Charter required the approval of the Council of the consolidated government. The Council voted not to ratify this obligation. In my opinion they clearly had this right

and duty under the provisions of the charter as well as under the general authority of municipalities under the provisions of *Code Ann.* § 69-310.

I respectfully dissent. I am authorized to state that Justice Hawes concurs in this dissent.

ON MOTION FOR REHEARING.

NICHOLS, Justice. The contention is made in the motion for rehearing that the holding in Division 3 of the decision has the effect of invalidating the election of the first mayor and council, as well as other interim provisions relating to early assumption of limited powers such as appointment of a city manager, city attorney, etc. Such contention is without merit. These limited powers relate to the preparation for the orderly transfer of government to take place on the date the charter becomes organic law and none of such limited powers has the effect of divesting the former government of its powers during the period between the approval of the new charter by the people and its effective date as organic law.

*Motion for rehearing denied. All the Justices concur, except Hawes and Jordan, JJ., who dissent.*