**IML FREIGHT, INC., et al., Plaintiffs
and Respondents,**

v.

**C. N. OTTOSEN, Commissioner of Insurance
of the State of Utah, et al., Defend-
ants and Appellants.**

**No. 13973.**

Supreme Court of Utah.

July 18, 1975.

Vernon B. Romney, Atty. Gen., William G. Gibbs, Sp. Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

Rex J. Hanson and Leonard H. Russon of Hanson, Wadsworth & Russon, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Chief Justice:

Appeal from a declaratory judgment saying that 1) The No-Fault Insurance Act[1] does not supersede or nullify the Workmen's Compensation Act's "exclusive remedy" provision[2] as applied to injuries suffered "in the course of employment" by employees, evolving out of incidents caused by operation of motor vehicles; and that 2) The Utah Insurance Commissioner's regulation No. 73-1 making No-Fault Insurance coverage applicable to incidents occurring outside the State of Utah was in error. Affirmed in both respects.

As to 2), which may be disposed of first, the Commissioner's authority under the No-Fault Act is circumscribed by Title 31-41-7, Utah Code Annotated, (1953), which applies only to injuries sustained "*in this state*." It is axiomatic that a statutory administrative agent of the state enjoys or suffers the favor or forbearance of legislative fiat, as the circumstances may enjoin. His beneficence or capability to obligate, restrict or expand, extends no farther than the metes and bounds of the bailiwick in which the lawmakers grant or limit his sovereignty. Beyond that, he must risk the happenstance of possible constitutional, legislative or judicial circumscription.

---

1. Title 31-41, Utah Code Annotated 1953, effective Jan. 1, 1974.

2. Title 35-1-60, Utah Code Annotated 1953.

This concept better is enunciated by the New Mexico Supreme Court when it said that: "It is well [settled] that the legislature may not delegate authority" to a Board "to adopt rules or regulations which abridge, enlarge, extend or modify the statute creating the right or imposing the duty."[3]

As to 1): The Workmen's Compensation Act, an infant born in 1917 in this state, more than half a century past, steadfastly has stood as a monument to an historical adjunct to security against loss of income born of accident-related unemployment, and to the concept that *all* employees of an employer, equally, and *without favor*, should enjoy an employer-employee-taxpayer funded temporary relief from going on relief, conditioned on denial of the defenses of assumption of risks, the fellow servant doctrine, contributory negligence, etc. This concept was, has been and is epitomized in Title 35–1–60, Utah Code Annotated 1953, and is something akin to the accepted principle that the "right to recover compensation" from an employer and the "exclusive remedy" against him in case of accidental injury in the course of employment, shall be in accord with the act,—*and none other*.[4]

The nub of this case is its "none other" aspect, which appellant seems to contend, was repealed by the No-Fault concept. If such contention were applicable, arguendo, it would result in full recovery for a *truck driver* against his employer when injured while working alongside a cargo-lifter, an elevator operator delivering bolts and nuts, or to a receiving riveter poised on a steel girder on the 50th floor of a high-rise,—to which remedy the lifter, the elevator man or the riveter would have no similar or accommodative access,—statutorily or otherwise.

We believe and hold that the language used by the legislature did not impose upon an employer subject to the Workmen's Compensation Act, the heart-beat of which is exclusiveness of remedy, any additional burden personally to pay any injured employee extra, who happened to drive a motor vehicle, as against fellow employees who happened to push dock dollies or ride cranes to their injury or death.

This is not to say that employers are immune from liability under No-Fault coverage as to non-employes or the public.

■ We believe that the No-Fault Act, (without deciding the point because it is no issue here), might apply to residents generally, including motorists, employers, employes but has no application to employers who already are obligated under Workmen's Compensation, to their employees, and that No-Fault has neither changed that statutory obligation nor increased an employer's burden to pay compensation for a favored class of employees. Otherwise, an accepted concept that although the question of discrimination usually is thought of as being *against* a person or a group, nonetheless discrimination constitutionally is unacceptable if it be applied in *favor* of a person or group, and denied to others in the same class or group would be made impotent.[5]

If there be an argument that the No-Fault Act supersedes the Workmen's Compensation Act because it allows for deduction of Workmen's Compensation payments from a No-Fault insurance judgment or settlement, constitutionally it would appear to be flattened, since the added compensation thus afforded obviously would discriminate in favor of one type of employee, at the expense of an employer, and to the exclusion of others.

---

3. *New Mexico ex rel. McCullock v. Ashby*, 73 N.M. 267, 387 P.2d 588 (1963).

4. Footnote 2, *supra*.

5. This concept aptly was enunciated in *Rosenblum v. Griffin*, 89 N.H. 314, 197 A. 701, 115

A.L.R. 1367 (1938), where it was said: "The organic principles of equality includes within its application a granted privilege as well as a regulated right. Equality of benefit is no less required than equality of burden." To the same effect, our own case of *Carter v. State Tax Commission*, 98 Utah 96, 96 P.2d 727, 126 A.L.R. 1402 (1939).

We are constrained not to hold any part of the Act unconstitutional for that reason, but to sustain its validity as to the issues isolatedly presented here,—as we should, if possible, by a careful, sensible and reasonable interpretation of its terms in light of accepted principles of statutory construction. This, particularly in view of the fact that the No-Fault Act has no express repealer, and in good reason none by implication.

A third issue urged, which we think is not well taken on this appeal, is that the plaintiffs here failed to follow the statute about exhaustion of administrative remedies (Title 31–4–1, U.C.A.1953). The answer is that there is no question of fact or fiction here to justify a hearing before the Commissioner. It simply is a question of "What does the Statute say, under which, what can the Commissioner do,—or not do, with his Regulation."

This case is brought under the Declaratory Judgment Act, which ideally is fitted to this case,—since there is no depositional fact presented here, but only a legal problem posed as to whether or not the No-Fault Act can kill its cousin, Workmen's Compensation. No guns or knives are drawn or quartered here, but only a question as to whether a related act, under the conceded laws, legally can burn its distant kin.

This case, in simplicity, asks what legal relationship exists between two statutes.[6] No facts are or need be pleaded, proved or patented. The latest statute's words are said to clash with a former's. The issue simply is one of law, etymology, and interpretation.[7]

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

6. We think this case clearly to be within the provisions of Title 78–33, Utah Code Annotated 1953.

---

7. See comments in *Walker Bank v. Taylor,* 15 Utah 2d 234, 390 P.2d 592 (1964), indicative of purpose and scope of conditional administrative procedures.