OPINION OF THE COURT
James B. Kane, J.
This is a declaratory judgment action involving the construction and legal effect of certain provisions of the Workmen’s Compensation Law and article 18 of the Insurance Law. Defendant Leo Burakowski moved for summary judgment dismissing plaintiff Carriers Insurance Company’s complaint and a judgment in favor of defendant adjudging that defendant is entitled to reimbursement of lost wages under the Comprehensive Automobile Insurance Reparations Act (Insur *101 anee Law, art 18) reduced by the extent he received workmen’s compensation benefits.
Plaintiff issued defendant’s employer both the no-fault and the workmen’s compensation policies. Defendant was injured during the course of his employment while operating a motor vehicle owned by his employer.
Prior to the accident defendant was earning approximately $400 per week. Defendant applied for workmen’s compensation and received the maximum benefits of $125 per week.
Subsequently defendant applied for and was denied no-fault first-party benefits. After being denied first-party benefits defendant requested arbitration pursuant to section 675 of the Insurance Law which provides for binding arbitration of any dispute arising under no-fault. Plaintiff secured a stay of arbitration pending the outcome of this declaratory judgment action.
Plaintiff contends that the law is clear, when an employee is injured on the job his exclusive remedy against his employer is workmen’s compensation (NY Const, art I, § 18; Workmen’s Compensation Law, § 29, subd 6; Shanahan v Monarch Eng. Co., 219 NY 469; Williams v Hartshorn, 296 NY 49; O'Rourke v Long, 41 NY2d 219; IML Freight v Ottosen, 538 P2d 296 [Utah]).
Plaintiff relies on IML Freight v Ottosen (supra) to claim that workmen’s compensation is still the "exclusive remedy” regardless of the fact that the employee sustained his injury through the use or operation of a motor vehicle and regardless of the clear language of section 671 (subd 2, par [b]) of the Insurance Law. This court does not agree with the findings of the Utah court on the grounds that the legal conclusion reached in that court does not apply to this particular case.
The defendant contends that any workmen’s compensation benefits paid to an injured employee are a deduction from, not a bar to, no-fault benefits. In support of his contention defendant relies on the wording of subdivision 2 of section 671 of the Insurance Law defining first-party benefits as: "payments to reimburse a person for basic economic loss * * * less: * * * (b) amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits, or workmen’s compensation benefits”.
In light of the New York Court of Appeals unanimous decision in Montgomery v Daniels (38 NY2d 41), holding that article 18 of the Insurance Law (no-fault) was not unconstitu *102 tional this court is not inclined to go against the clear statutory language.
New York courts have not directly addressed the issue presented to this court. However, in Grello v Gaszykowski (58 AD2d 412), the Appellate Division impliedly seems to support defendant’s contention.
In Grello, an employee injured through the negligence of a third party filed for both no-fault and workmen’s compensation benefits and had received money from both sources. Public Service Mutual Insurance Company was the carrier of both forms of coverage. The Appellate Division stated (p 413): "Nevertheless, in accordance with the provisions set forth in the no-fault law (Insurance Law, § 671), medical expenses and a certain percentage of plaintiffs loss of earnings were paid by respondent as workmen’s compensation carrier while a further percentage of plaintiffs loss of earnings was paid by respondent in its capacity as no-fault carrier.”
This court construes both the Workmen’s Compensation Law and the no-fault law in a manner that is not in conflict with the right of the injured party to recover under both policies.
For the reason stated above this court finds that the defendant is entitled to reimbursement of lost wages under no-fault first-party benefits reduced to the extent defendant received workmen’s compensation benefits. In addition this court finds that the stay of arbitration should be vacated and the matter should proceed to arbitration pursuant to section 675 of the Insurance Law for a determination to the period of disability of defendant, the amount of workmen’s compensation benefits received and other matters pertaining to the amount of benefits.