## 34760. FREEMAN v. RYDER TRUCK LINES, INC.

HILL, Justice.

This appeal involves the question of the applicability of our "no-fault" insurance law to vehicles not registered in this state and the question of whether an employee may recover both under our Workers' Compensation Act and under his employer's "no-fault" insurance or self-insurance plan.

Joe Hugh Freeman, an employee of Ryder Truck Lines, Inc., a Florida corporation, was injured in a vehicular collision in Ware County, Georgia, in 1976 while driving a Ryder tractor-trailer unit. The tractor was titled and registered in Florida and was used in interstate commerce. As a result of the collision, Freeman has received and continues to receive workers' compensation benefits from Ryder at the maximum rate provided by Georgia law.

Freeman filed a complaint against Ryder, seeking $5,000 in benefits under the Georgia "no-fault" statute (Georgia Motor Vehicle Accident Reparations Act, Ga. L. 1974, pp. 113, 114; Code Ann. Ch. 56-34B). The parties stipulated that Ryder is self-insured as to workers' compensation, no-fault, and liability claims in accordance with the minimum requirements of Georgia. It has intrastate vehicles which are registered in Georgia but the vehicle involved here was not one of those. Plaintiff's

personal vehicle has "no-fault" insurance on it. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff appeals.[1]

1. Regulations promulgated by the Commissioner of the Georgia Department of Public Safety require self-insurers to provide coverage, benefits, etc., substantially equivalent to that provided by insurance policies, to list the vehicles covered, and to issue a certificate as to each such vehicle. 570-18-.06; Op. Atty Gen. 74-86.

The applicability of our "no-fault" law is determined by section 3 of the Act, Ga. L. 1974 at p. 116, Code Ann. § 56-3403b, which provides in pertinent part: "No owner of a motor vehicle required to be registered in this State, or any other person, other than a self-insurer as defined in this Chapter, shall operate or authorize any other person to operate such motor vehicle unless the owner has insurance on such vehicle providing the following minimum coverage:"

The phrase "required to be registered in this State" refers to Code Ch. 68-2 (see also Code Ch. 68-4A). However, according to the stipulation of the parties, the vehicle in question here was not required to be registered in this state.

Because the vehicle in issue was not covered by Ryder's Georgia self-insurance certificate, Ryder was not self-insured as defined in the Act. Ga. L. 1974 at p. 115; Code Ann. § 56-3402b (f).[2]

Thus, in the context of this case the applicability provision quoted above can be read as follows: No person, including an owner of a motor vehicle not required to be

---

[1]At the time in question Florida's "no-fault" insurance was not applicable to trucks. We do not decide whether Florida's "no-fault" insurance law would be applicable to these facts today.

[2]Ryder urges that it is a self-insurer and thus exempt from the Act. If it were a self-insurer as defined in the Act, it could not deny owing benefits pursuant to its self-insurance plan.

registered in this state, shall operate or authorize any other person to operate such (his) motor vehicle unless the owner has no-fault insurance.[3] Thus, a vehicle registered in another state is nevertheless subject to the provisions of our no-fault Act, at least where its own no-fault law is not applicable.

2. Our workers' compensation law, Code Ann. § 114-103 as amended in 1974, provides as follows: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of such employee ... at common law or otherwise, on account of such injury, loss of service or death: Provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, except employees of the same employer." This provision has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer. *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (38 SE2d 675) (1946); *Floyd v. McFolley,* 131 Ga. App. 4 (205 SE2d 29) (1974); *Smith v. White Lift of Dalton, Inc.,* 145 Ga. App. 596 (244 SE2d 117) (1978). Notwithstanding the broad scope of the Code section, however, a compensation claimant is not precluded from collecting under an insurance policy covering his life, medical expenses, disability, loss of income, etc. *Echols v. Chattooga Mercantile Co.,* supra, 74 Ga. App. at p. 24.

Our no-fault law, Code Ann. § 56-3409b (a), provides: "The benefits payable under this Chapter shall not be reduced or eliminated by any workmen's compensation benefits, medical payments benefits or any other disability benefits, wage loss benefits or hospitalization benefits that the injured person is entitled to receive." (Ga. L. 1974, pp. 113, 120).[4]

Ryder relies on Code Ann. § 114-103, supra; plaintiff

---

[3]Ryder argues that the word "such" refers to vehicles required to be registered in this state. We read the word "such" to refer to ownership, etc.

[4]This Code section was amended by the legislature in 1979. (Ga. L. 1979, pp. 594, 595).

relies on Code Ann. § 56-3409b (a), supra, and urges that the latter Code section, being later in time, impliedly repealed the former. Ryder contends that if it is required to pay both workers' compensation and no-fault benefits, it will be denied equal protection of the law in that all employers are required to pay compensation to employees injured in the course of their employment, but it and certain other employers would also be required to pay or provide additional, no-fault benefits to employees injured while occupying a vehicle owned by the employer (but not to employees injured while driving their own vehicles).

Repeals by implication are not favored. *Guye v. Home Indem. Co.,* 241 Ga. 213, 217 (244 SE2d 864) (1978). Statutes are to be construed so as to be constitutional whenever possible. *Columbus, Ga. v. Rudd,* 229 Ga. 568 (3) (193 SE2d 11) (1972). With these admonitions in mind, we find that Code Ann. § 56-3409b (a) can be construed so as to give effect to legislative intent without repealing any part of Code Ann. § 114-103. As heretofore noted, the plaintiff in this case has no-fault insurance on his personal vehicle. That insurance is applicable here. Code Ann. § 56-3407b (a). We find that Code Ann. § 56-3409b (a) protects plaintiff's rights under his own no-fault policy notwithstanding his receipt of workers' compensation benefits but that, having received compensation benefits, Code Ann. § 114-103 precludes his recovery of no-fault benefits from his employer. As was stated by the Supreme Court of Utah in IML Freight, Inc. v. Ottosen, 538 P2d 296, 297 (Utah 1975):"We believe that the No-Fault Act ... has no application to employers who already are obligated under Workmen's Compensation, to their employees, and that No-Fault has neither changed that statutory obligation nor increased an employer's burden to pay compensation for a favored class of employees."

The foregoing disposition of this case makes it unnecessary to reach the constitutional issue raised by the employer.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1979 — DECIDED
SEPTEMBER 5, 1979.

*Barnes & Browning, Roy E. Barnes,* for appellant.
*Nall & Miller, James S. Owens, Jr.,* for appellee.