**James E. SWAFFORD, Plaintiff,**

v.

**TRANSIT CASUALTY COMPANY, Defendant.**

Civ. A. No. C79–79N.

United States District Court,
N. D. Georgia,
Newnan Division.

March 12, 1980.

John M. Strain, Mundy & Gammage, Cedartown, Ga., for plaintiff.

James S. Owen, Jr., Robert J. Goldstucker, Nall & Miller, Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

The plaintiff in the above-styled action was employed by Bowman Transportation, Inc. on March 28, 1978, at which time he sustained certain injuries in the course of his employment while operating a company vehicle. The defendant provides both workers' compensation and no-fault insurance coverage to Bowman Transportation. The plaintiff has received and is continuing to receive workers' compensation benefits as the result of his injuries. In this action, which was originally filed in state court but was removed by the defendant on the basis of diversity of citizenship, the plaintiff seeks to recover personal injury protection benefits through Bowman Transportation, Inc.'s no-fault coverage. The matter is presently before the court on the plaintiff's motion to remand the case to state court, and the defendant's motion for summary judgment.

## THE MOTION TO REMAND

In his complaint, the plaintiff demanded judgment against the defendant "in such an amount that the jury finds will adequately compensate Plaintiff for his injuries and damages, including the benefits owed, a sum equal to 25 percent of the amount due, reasonable attorney's fees, and punitive damages." No dollar amount was specified. Under Georgia law, "[b]enefits required to be paid without regard to fault . . . are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and amount of loss sustained. . . . In the event the company fails to pay each benefit when due, the person entitled to such benefits may bring an action to recover them, and the company must show that its failure to pay was in good faith, otherwise the company shall be liable for a penalty not exceeding 25 per cent. of the amount due and reasonable attorney's fees." *Ga. Code Ann.* § 56–3406b(b). The Georgia statute also provides for punitive damages in addition to the above penalties. *Ga. Code Ann.* § 56–3406b(c).

The plaintiff bases his motion to remand on the fact that discovery has revealed that the benefits under the insurance policy in question are limited to $5,000. For this reason, the plaintiff claims that the amount in controversy is $5,000, plus a penalty of 25 per cent ($1,250), and an additional $2,500 for attorney's fees. Since this total ($8,750) is less than the jurisdictional minimum of $10,000 specified in 28 U.S.C. § 1332, the plaintiff claims that the action must be remanded to state court.

The leading case in this area of the law is *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), in which the Supreme Court set down the general rules applicable here:

The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *It must appear to a legal certainty that the claim is really less than the jurisdictional amount to justify dismissal.* The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

303 U.S. 288–290, 58 S.Ct. 590 (emphasis added) (footnotes omitted).

It has been held that where a plaintiff mistakenly overestimates the amount in controversy and later, through discovery, finds and concedes that the maximum claim was less than the jurisdictional minimum, the requirements for federal jurisdiction over the subject matter are not met. *American Mutual Liability Insurance Co. v. Campbell Lumber Manufacturing Corp.*, 329 F.Supp. 1283 (N.D.Ga.1971). However, such is not the case here. In addition to the $8,750 that the plaintiff now claims is owed him, the complaint contained a prayer for punitive damages as provided by statute. It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). It is also clear that the plaintiff cannot, by deleting his claim for punitive damages, divest the court of jurisdiction once it has attached. *St. Paul Mercury Indemnity Co. v. Red Cab Co., supra*, 303 U.S. at 292, 58 S.Ct. at 591. In the circumstances of the present case, it cannot be said, to a legal certainty, that the plaintiff is precluded under Georgia law from recovering an amount in excess of $10,000. Accordingly, the court concludes that it has jurisdiction under 28 U.S.C. § 1332, and the plaintiff's motion to remand the case to state court will be overruled and denied.

## THE SUMMARY JUDGMENT MOTION

The plaintiff in the instant action is seeking to recover under his employer's no-fault insurance plan while at the same time receiving benefits under the state Workers' Compensation Act, *Ga. Code Ann. § 114–101 et seq.* Since this is a diversity case, this court must apply state substantive law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The defendant has filed a motion for summary judgment, based on the recent decision in *Freeman v. Ryder Truck Lines, Inc.*, 244 Ga. 80, 259 S.E.2d 36 (1979). In *Freeman*, the Georgia Supreme Court interpreted two seemingly conflicting state laws dealing with workers' compensation and no-fault insurance. Georgia's workers' compensation law, *Ga. Code Ann. § 114–103*, states that

> [t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service or death: Provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, except employees of the same employer.

The *Freeman* court noted that this provision has been interpreted consistently by Georgia courts to mean that where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer. 244 Ga. at 82, 259 S.E.2d 36.

The state no-fault law, however, contains the following section:

> The benefits payable under this Chapter shall not be reduced or eliminated by any workmen's compensation benefits, medical payments benefits or any other disability benefits, wage loss benefits or hospitalization benefits that the injured person is entitled to receive.

*Ga. Code Ann. § 56–3409b(a).*

The plaintiff in *Freeman* was an employee of Ryder Truck Lines who was injured on the job while driving a vehicle owned by that company. While receiving workers' compensation benefits from Ryder, he filed a complaint against the company seeking $5,000 in benefits under the Georgia no-fault statute, *Ga. Code Ann. § 56–3401b et seq.* The plaintiff relied on *Ga. Code Ann. § 56–3409b(a), supra*; the defendant cited *Ga. Code Ann. § 114–103, supra*. The Georgia Supreme Court resolved the controversy in favor of the defendant. The Court stated:

> As heretofore noted, the plaintiff in this case has no fault insurance on his personal vehicle. That insurance is applicable here. ["The insurer of a motor vehicle . . . shall pay basic no-fault benefits without regard to fault for economic loss

resulting from (a) accidental bodily injury sustained . . . by the insured . . . while occupying *any* motor vehicle . . . ."] Code Ann. § 56–3407b(a) [(emphasis added)]. We find that Code Ann. § 56–3409b(a) protects plaintiff's rights under his own no-fault policy notwithstanding his receipt of workers' compensation benefits but that, having received compensation benefits, Code Ann. § 114–103 precludes his recovery of no-fault benefits from his employer. As was stated by the Supreme Court of Utah in *IML Freight, Inc. v. Ottosen,* 538 P.2d 296, 297 (Utah 1975): "We believe that the No-Fault Act . . . has no application to employers who already are obligated under Workmen's Compensation, to their employees, and that No-Fault has neither changed that statutory obligation nor increased an employer's burden to pay compensation for a favored class of employees."

*Freeman, supra,* 244 Ga. at 83, 259 S.E.2d at 39.

■ The plaintiff has attempted to distinguish the *Freeman* case on the ground that it applies only to actions brought against an employer and not to suits against the employer's insurance carrier. However, under the Georgia Workers' Compensation Act, "employer" is defined to include his insurer as well. *Ga. Code Ann.* § 114–101. Nevertheless, the plaintiff contends that *Freeman* is limited to situations where the employer is self-insured for the purpose of workers' compensation as well as no-fault insurance benefits. Although the defendant in *Freeman* was self-insured, the Georgia Supreme Court's decision was not so limited. As was stated at the outset of the opinion:

> This appeal involves . . . the question of whether an employee may recover both under our Workers' Compensation Act and under his employer's *"no-fault" insurance or self-insurance plan.*

*Freeman, supra,* 244 Ga. at 80, 259 S.E.2d at 37 (emphasis added).

That question was answered in the negative. Moreover, the Utah Supreme Court case, *IML Freight, Inc. v. Ottosen, supra,* cited with approval in *Freeman,* was not limited to self-insured employers.

For all of the foregoing reasons, the plaintiff's motion to remand the case to state court is hereby overruled and denied. The defendant's motion for summary judgment is hereby granted and sustained.