A90A0940. PHILLIPS et al. v. PERMANENT GENERAL CLAIMS SERVICE et al.

(393 SE2d 721)

DEEN, Presiding Judge.

The appellants, Betty Phillips and Herbert Edwards, were injured in an automobile collision involving the automobile owned and driven by Edwards, and commenced this action to recover PIP benefits from the Tennessee insurers that issued a policy of insurance covering Edwards' car. At the time the policy was issued, Edwards was a Tennessee resident, but at the time of the automobile collision he was living and working in Georgia. The appellees were never informed of this change of residence. The appellees defended on the basis that because none of the appellees was authorized to transact insurance in Georgia and none had done so, the appellees were not required to provide PIP benefits under OCGA § 33-34-1 et seq. This appeal follows from the trial court's denial of the appellants' motion for summary judgment and grant of the appellees' motion for summary judgment. *Held*:

Under OCGA § 33-34-3 (a) (2), all insurers authorized to transact business or transacting business in Georgia must include in automobile liability insurance policies the minimum no-fault coverages. OCGA § 33-34-3 (a) (3) provides that "[n]othing contained in this Code section shall be deemed to prohibit a nonadmitted insurer not otherwise required by paragraph (2) of this subsection to provide the minimum benefits . . . for its insured motorists who are involved in motor vehicle accidents in this state. . . . " Under these two Code sections, an insurer not authorized to transact insurance in Georgia and not transacting insurance in Georgia may, but is not required to, provide PIP benefits.

The appellants misplace their reliance upon *Freeman v. Ryder Truck Lines*, 244 Ga. 80, 82 (259 SE2d 36) (1979), in which the Supreme Court held that "a vehicle registered in another state is nevertheless subject to the provisions of our no-fault Act, at least where its own no-fault law is not applicable," as that case involved the obligation imposed by OCGA § 33-34-4 on an owner of a vehicle operated in this state to obtain insurance, and not the duty of foreign insurers not transacting insurance in Georgia. Accordingly, the trial court properly granted summary judgment for the appellees.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 19, 1990.

*James R. Jester*, for appellants.

*McClain & Merritt, William S. Sutton*, for appellees.